## CHARLOTTE A. WHALEN, CLAIMANT
*vs.*
## NEW HAVEN PULP AND BOARD COMPANY OF NEW HAVEN ET AL., RESPONDENTS

Superior Court　　　New Haven County　　　File No. 57722

MEMORANDUM FILED JUNE 26, 1940.

127 Conn. 394

*Walter T. Walsh*, of New Haven, for the Appellant.

*Francis W. Daley*, of New Haven, for the Appellee.

QUINLAN, J. The question presented by this appeal is a reviewable one in the Superior Court. *O'Hara vs. Hewlitt Construction Co.*, 113 Conn. 262. It is also a simple one to understand. The deceased left a wife and a mother, both members of his household. An original award was made to his widow. On a rehearing his widow was found conclusively presumed to be wholly dependent upon him for support (Gen. Stat. [1930] §5235), and his mother to be so dependent as a matter of fact. Notwithstanding, the award of compensation was made to the widow only.

It is now claimed that the mother of the deceased should share the award equally with the wife, independent of any contingency such as death or remarriage of the widow. Massachusetts has a statute almost identical with that of Connecticut, and while no case with an exact analogy of fact has been decided, questions have been raised giving rise to a construction of the statute in that state.

The pertinent part of our staute reads: "The following described persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives at the time of his injury or from whom she receives support regularly; (b) a husband upon a wife with whom he lives at the time of her injury or from whom he receives support regularly; (c) any child under the age of eighteen years, or over said age but physically or mentally incapacitated from earning, upon the parent with whom he is living or from whom he is receiving support regularly at the time of the injury of such parent, there being no surviving dependent parent. In case there shall be more than one child thus dependent, the death benefit shall be divided equally among them. In all other cases, questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. In such other cases, if there shall be more than one person wholly dependent, the compensation in case of death shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof."

McNicol's case, 215 Mass. 497, appears to be the leading Massachusetts case, although better discussions occur in two later cases probably because of the factual situations present. In McNicol's case it had been held in the lower court that a minor daughter dependent should share equally with the surviving widow. This was reversed on appeal because there was no conclusive presumption in favor of a dependent child where there was a surviving parent.

In Coakley's case, 216 Mass. 71, the facts disclosed the leaving of a widow with whom deceased was living at the time of his death, two minor children who were children of the widow, a child of this marriage born after deceased's death and another child of his by an earlier marriage. This latter child was living in his family entirely supported by him. A situation was thus presented where not only the widow but the child of

his former marriage was conclusively presumed to be wholly dependent, because that child had no surviving parent. In the case at bar, however, the dispute is not between two groups where there is a conclusive presumption. The Massachusetts court laid emphasis, as do the counsel for the widow here, upon the words "all other cases" and "such other cases" used in the statute and held that these words must mean cases other than those specifically provided for in paragraphs (a), (b), (c), of the act. Inasmuch as the contending parties in that case were conclusively presumed to be dependents and notwithstanding that the act made no specific provision for such a case the court said that "the act should be interpreted broadly in harmony with its main aim of providing support for those dependent upon a deceased employee", and held that the two classes should share equally.

In still a third case, *Holmberg's* case, 231 Mass. 145, 120 N.E. 353, each spouse had a child by a previous marriage as well as one of their own and the widow contended she was the sole dependent. Between the time of the decision in *Coakley's case, supra,* and the *Holmberg* case, the Massachusetts statute has been amended "apparently to remedy this inequality between children of the employee and widow, and children of a former marriage and for the purpose of permitting all children to share equally in the payments of the compensation", and of course so little question remained in view of the amendment, the equal apportionment allowed by the board was affirmed. Other courts with dissimilar statutes have held in consonance with the proposition advanced by the mother of the deceased in this case. For instance, in the case of *Penn vs. Penn*, 183 Ky. 228, where the widow who by the terms of the statute (according to that court) was presumed to be wholly dependent, was opposed by the father of the deceased, who was admitted to be *partially* dependent, the court held, to accord with the underlying purpose of the system, that the award should be distributed proportionally.

The fact then is that in Massachusetts there have been at least the three cases, *supra,* submitted for decision in one of which, at any rate, the court sought a broad construction of the act and so construed it. *Coakley's* case, *supra.* One of these cases resulted in an amendment of the law. It may be that legislative action may be required as the only solution with respect to our statute. If public policy so requires this case should receive the consideration of our appellate court

first, in view of the decisions and attendant uncertainty evi-
denced in Massachusetts.

It is a novel case and the question involved is not free from
reasonable doubt. It is a question that is liable to arise in
other cases. The court is therefore of the opinion that the
question is of such public interest that it should be reserved for
determination by the Supreme Court of Errors in order that a
definite rule be established applicable to future cases, as pro-
vided in section 5266 of the General Statutes, Revision of
1930, and it is so ordered.