MARY DUFFY *et al. vs.* WALSH-KAISER COMPANY, INC.
MARION R. DUFFY *et al. vs.* SAME.

MARCH 23, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. These two original petitions for compensation, brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300, on motion of the respondent were consolidated for trial and were heard together in the superior court. The trial justice denied

and dismissed the petition of Mary Duffy and granted the petition of Marion R. Duffy, and a single decree to that effect was entered which fixed the rights of all the parties in both cases. Thereafter the petitioner Mary Duffy duly prosecuted her appeal which is now before us for consideration. By stipulation all the parties waived irregularities in the procedural steps taken after the decision of the trial justice.

It appears from the undisputed evidence that Edward J. Duffy, while employed by the respondent as a rigger at its shipyard, was killed by electrocution on September 27, 1945. On that date he was living with the petitioner Marion R. Duffy, to whom he was married February 4, 1934. They had five children, all of them under eighteen years of age at the time of their father's death. Edward J. Duffy had previously been married to the petitioner Mary Duffy but that marriage had been terminated by a final decree of divorce entered by the superior court September 9, 1933. They had four children, two of whom were under eighteen years of age at the time their father was killed. Under the divorce decree Mary Duffy was awarded the custody of three children and an allowance of $3 per week for their support.

The petition of Marion R. Duffy was brought by her individually and as mother of her five minor children for whom she was appointed guardian *ad litem*. The petition of Mary Duffy was also brought individually and as mother and next friend of her two minor children for whom she was appointed guardian *ad litem*. Compensation from the respondent was sought under both petitions on the ground that the respective petitioners were dependents of Edward J. Duffy. The transcript of the testimony shows, however, that when the petitions were heard in the superior court it was stated in open court that Mary Duffy withdrew as an individual claimant for the compensation and that she pressed the petition only on behalf of her son Harold who was then sixteen years of age. At the same

time and place the respondent stated for the record that Edward J. Duffy was killed by an accident arising out of and in the course of employment and that by reason of the wages he was then receiving his dependents would be entitled under the act to the maximum amount of compensation payable after his death. The sole question at issue, therefore, is who in the circumstances is lawfully entitled to receive the compensation due from the respondent by reason of the death of Edward J. Duffy.

The decree entered in these proceedings in the superior court contained several findings of fact, one of which was as follows: "(6) That there is evidence in the record warranting a finding that Harold J. Duffy was at the time of the death of Edward J. Duffy partially dependent on Edward J. Duffy. He was not at that time living with Edward J. Duffy, but with his mother Mary Duffy." The decree concluded as follows: "(1) The petition of Marion R. Duffy is granted. She is entitled to payments of Twenty ($20.00) Dollars a week for a period of six hundred (600) weeks from the 27th day of September, A. D. 1945. (2) The petition of Mary Duffy, individually and as next friend of Harold J. Duffy, is denied and dismissed, but without prejudice to the right of Harold J. Duffy or his legal representative to file a petition for compensation should Marion R. Duffy die prior to the expiration of the period of six hundred (600) weeks over which compensation for the death of Edward J. Duffy is payable."

General laws 1938, chap. 300, art. II, §6, as amended by P. L. 1942, chap. 1246, is the portion of the workmen's compensation act which deals with the payment of compensation in case of the accidental death of an employee. It reads in part as follows: "If death results from the injury, the employer shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of his injury, a weekly payment equal to 60% of his average weekly wages, earnings or salary, but not more than $16.00, nor less than $12.00 a week, for a period of 600 weeks from

the date of the injury, except as hereinafter provided, in case the dependent is the widow of such employee upon whom are dependent one or 2 children of the deceased employee including adopted and stepchildren under the age of 18 years or over said age but physically or mentally incapacitated from earning, the employer shall pay such widow not more than $18.00 a week; and if there are dependent upon such widow 3 or more such children the employer shall pay such widow not more than $20.00 a week. Upon the death of any such widow or if there be no widow then upon the death of the injured employee the compensation payable under this chapter shall thereafter be paid to such dependent child or children of the injured employee and in case there is more than one child the compensation shall be divided equally among them, and such compensation in the case of one child shall be not more than $16.00 per week and in the case of 2 children not more than $18.00 per week and in the case of 3 or more children not more than $20.00 per week."

Those who are conclusively presumed to be wholly dependent for support upon a deceased employee are set out in §7, art. II, *supra*. The petitioner Marion R. Duffy, who was living with Edward J. Duffy as his lawful wife at the time of his death, is in that category. She is satisfied with the decree as entered by the superior court. However, the petitioner Mary Duffy argues in substance that her son Harold, a minor under the age of eighteen years, was not partially but was totally dependent upon his deceased father at the time of the latter's death, and that in any event her said son, as a dependent upon his deceased father, should be entitled at the present time to compensation in some amount.

Upon consideration of the pertinent provisions of the workmen's compensation act we find no support for the above contention of the petitioner Mary Duffy that her son Harold is entitled to the payment of any compensation at the present time. Whatever the nature of the de-

pendency of Harold J. Duffy upon his father may have been at the time of the latter's death, the statute, P. L. 1942, chap. 1246, clearly provides that when there is a surviving widow who was then living with the deceased, as was the situation here, the entire compensation is payable directly to her. Generally speaking, the amount thereof within fixed limits is controlled by the number of children of a certain age and character who are dependent upon her.

There is no provision in the act for the apportionment, as of right, of any such compensation among the dependent children of the deceased so long as the surviving widow is alive. Neither is there any provision therein for payment of compensation to a previous wife of the employee from whom she has lawfully been divorced. Also the act contains no provision giving directly separate compensation to the child of a divorced wife where the deceased had a second wife who survived him and who had children dependent on her as set out in the statute. In our opinion the trial justice acted correctly in ordering the entire compensation to be paid to the petitioner Marion R. Duffy for six hundred weeks from the date of the accident.

In respect to the matter of dependency as referred to in §7, art. II, *supra*, it is there set out that among those who are conclusively presumed to be wholly dependent for support upon a deceased employee, among others, are: "(c) A child or children, including adopted and stepchildren, under the age of 18 years, or over said age, but physically or mentally incapacitated from earning, upon the parent with whom he is or they are living or upon whom he or they are dependent at the time of the death of such parent, there being no surviving dependent parent. * * * In all other cases questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury."

In order to determine the question, as a matter of law, of the extent if any of the dependency of Harold J. Duffy upon his father at the time of the accident which caused

the latter's death, we must consider the section of the compensation act just above quoted. In our opinion that section is not entirely free of ambiguity in relation to such question. However, having in mind the general purpose of the compensation act we are unable to find any clear intent on the part of the legislature to discriminate between the status of a child of such a deceased employee by a first marriage, which child is under eighteen years of age and dependent upon him, and a similar child or children by a second marriage. If the legislature intended that children under the age of eighteen years and dependent upon a deceased employee were conclusively presumed to be wholly dependent upon such employee, then it does not seem reasonable that it meant to penalize such child merely because he might be living with his mother who had obtained a divorce from the child's father who was the deceased employee.

Therefore, in our opinion the trial justice should have concluded that Harold J. Duffy, being a child of the deceased employee under eighteen years of age and dependent upon him, was entitled to stand on an equality with the children of the petitioner Marion R. Duffy in respect to any conclusive presumption of total dependency. Under the provisions of the act, the matter of payment of compensation to any of Edward J. Duffy's children will not arise if his widow Marion R. Duffy, who alone is now entitled to receive such compensation, lives for a period of six hundred weeks after the date of the accident in which he lost his life. If, however, she should die within such six hundred weeks then the distribution of the compensation is to be made under the provisions of §6, *supra,* as amended, and the child Harold J. Duffy in our judgment would be entitled to share therein equally with the children of Marion R. Duffy. To the extent thus indicated the second paragraph of the final decree, in so far as it deals with the rights of Harold J. Duffy, should be modified.

The appeal of the petitioner Mary Duffy is sustained in part, the decree appealed from is modified as above set forth; otherwise it is affirmed; and the parties may, on April 1, 1949, present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg,* for petitioners Mary Duffy *et al.*

*Francis J. Barlow,* for petitioners Marion R. Duffy *et al.*

*Boss & Conlan, Francis W. Conlan,* for respondent.