No. 16,582.

L. B. Cole Produce Company *v.* Industrial
Commission et al.
(228 P. [2d] 808)

Decided February 5, 1951.   Rehearing denied March 12, 1951.

Mr. RICHARD E. CONOUR, ELIZABETH A. CONOUR, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. DONALD C. MCKINLAY, Assistant, for defendant in error Industrial Commission.

Mr. RAPHAEL J. MOSES, for defendant in error Garcia.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensation Act.

The claimant, Dolores LaCome Garcia, is the mother of Ateado Fred LaCome who was killed in an accident on April 26, 1948, at Santa Fe, New Mexico. The accident resulting in the death of said LaCome is alleged to have occurred in the course of his employment by the L. B. Cole Produce Company which conducted a produce business at Alamosa, Colorado.

Proceedings before the Industrial Commission resulted in an award in favor of claimant. In an appropriate action instituted in the district court of Alamosa county the award of the commission was affirmed, and judgment entered in favor of claimant. The cause is presented here by writ of error for a review of that judgment.

Reversal is sought upon four grounds, as follows: 1. The deceased LaCome was not injured in an accident arising out of and in the course of his employment. 2. Total dependency of claimant upon deceased was not established as required by law. 3. If claimant is entitled to an award, it should be reduced by fifty per cent for the reason that deceased was guilty of a wilful violation of a reasonable safety rule. 4. The trial court was without authority to enter a money judgment against plaintiff in error.

The award of the commission contained findings of fact which included the following:

"Ateado Fred LaCome was employed by the above-named respondent employer as a truck driver and roustabout. He was one of four persons employed by respondent, who carried no compensation insurance as required by law.

"LaCome was killed on April 26, 1948, in a highway accident enroute to Albuquerque, New Mexico, while driving a truck load of eggs. The accident arose out of and within the course of decedent's employment.

"LaCome and his helper had left Alamosa sometime during the preceding evening, which the employer contends was strictly against his orders. The Referee, however, finds in the evidence that claimant [decedent] was not directed to commence his journey at a time certain or, more particularly, that he was not prohibited to begin said journey at any time after the truck was loaded."

The commission further found that "claimant was totally dependent upon her deceased son within a reasonable time prior to his death." The award further provided:

"Further Ordered: That the respondent employer pay to the Pueblo Savings and Trust Company of Pueblo, Colorado, as trustee, the sum of $8,341.25, said amount equaling the present value of all unpaid compensation and benefits computed at the rate of 4% per annum; or in lieu thereof, that such employer shall, within ten days from date of this Order, file a bond in the sum of $10,000.00 with this Commission, signed by two or more responsible sureities, to be approved by this Commission or by some surety company authorized to do business within this State, guaranteeing the payment of compensation hereinabove ordered in the sum of $8,216.25, plus $125.00 for funeral expenses heretofore paid by the claimant." The employer carried no compensation insurance, as required by law, by reason of which the award of the commission included a fifty per cent pen-

alty, under the provisions of section 306, chapter 97, '35 C.S.A.

The contention here made by the employer, that the death was not caused by an accident arising out of and in the course of the employment of deceased, is based upon the assumption that there is no evidence contrary to that of the employer. He testified that LaCome was under instructions not to drive the truck at night; that he was not to start the trip from Alamosa to Albuquerque until about seven o'clock in the morning on the day he was killed; and that, in violation of these instructions, he started the trip at night and arrived in Santa Fe, New Mexico, where he was killed, before the hour when he was supposed to begin his work as an employee of plaintiff in error. The employer called one other witness in corroboration of these statements; however, other persuasive evidence, circumstantial in nature, was presented, which tended to contradict the truth of these assertions. In this connection the judge of the district court in reviewing the record said: "There is a distinct clash in the evidence, as shown by the record, in some places that are such that I don't think I could resolve them and pick the truth out of the situation from the printed pages before me. It is sufficient to say that there is substantial evidence on all of the points challenged in the findings to support the finding of the Commission."

We have read and reread the record before us and conclude that the findings of the commission, upon the question whether death resulted from an accident arising out of and in the course of employment and upon the question of dependency, are substantially supported by competent evidence. This disposes of the point that a fifty per cent reduction should be made in the amount awarded, because of the wilful breach of a safety rule. The only safety rule for which the employer contends, was that the truck was not to be driven at

night. The record supports the commission's finding that no such rule was in force.

■ ■ It is argued, in connection with the question as to whether claimant was a dependent, that no evidence was offered showing that deceased left no wife or children. If deceased had a surviving wife or minor child, either of whom is conclusively presumed to be wholly dependent, it is argued that even though the mother of deceased also was wholly dependent upon him, she could not receive benefits so long as the wife or children remained dependents. The statute, however, makes no such provision. Section 335, chapter 97, '35 C.S.A., provides, inter alia: "Where there are persons both wholly dependent and partially dependent, only those wholly dependent shall be entitled to compensation." The commission found claimant to be wholly dependent. We find no provision in the statute, nor has any decision of this court been called to our attention, which gives a prior and exclusive right to persons who are presumed wholly dependent, under the terms of the statute itself, as against those who are shown to be in fact wholly dependent without regard to any presumption. In this connection, see, *Central Surety & Insurance Corp. v. Industrial Com.*, 94 Colo. 341, 30 P. (2d) 253. Moreover, in dependent's notice and claim for compensation, made under oath by claimant, it is stated that decedent was not married on the date of the accident and never had been previously married. In the denial of liability filed by the employer, after service upon him of the claim, there is stated only two grounds upon which said denial is asserted, which are: "1. That the death of the said Ateado Fred LaCome did not occur in an accident arising out of and in the course of his employment by this Employer; 2. That the said Dolores LaCome Garcia, Claimant herein, was not a dependent of said decedent, and is not entitled to the benefits of said Act." Thus it appears that no issue was made by the employer upon the direct allegations contained in the claim concerning

the marriage status of decedent. Having pointed out with particularity the specific grounds upon which liability was denied, the employer cannot complain of the absence of evidence to support the sworn statement of claimant, that deceased never had been married. With this statement he made no issue.

▋ Our conclusions are consistent with the rule that, the Workmen's Compensation Act should be liberally construed. As we said in *Danielson v. Industrial Com.,* 96 Colo. 522, 44 P. (2d) 1011: "The act is highly remedial and beneficent in purpose, and should be liberally construed so as to accomplish its evident intent and purpose."

Objection is made by the employer to that portion of the formal judgment, which provides:

"It is Therefore Ordered, Adjudged and Decreed that the order of the Industrial Commission of Colorado dated May 10, 1950, be and the same is hereby affirmed and that Dorlores LaCombe Garcia have and recover judgment of and from L. B. Cole Produce Company, the employer, in the sum of $8,216.25 compensation together with the additional sum of $125.00 on account of funeral expenses paid by the said Dolores LaCombe Garcia making a total of $8,341.25."

▋ The specification of points in this connection is that, "The District Court erred and exceeded its jurisdiction in entering a money judgment against plaintiff in error, after affirming the award of the Industrial Commission." The effect of the award of the commission was to provide monthly payments to claimant, in the amount of $114.11, until $8,216.25 had been paid. These payments would not continue beyond the lifetime of claimant. The effect of the judgment of the district court was to award a judgment as of the date of the entry thereof, for the full maximum sum, which, under the commission's award, could only be collected by claimant in monthly installments, if she should live for a sufficient length of time to collect the full amount. Upon review

of proceedings before the Industrial Commission the district court, "may affirm or set aside such order or award." Chapter 97, section 382, '35 C.S.A. In the instant case, the district court having affirmed the award of the commission, was without jurisdiction to enter judgment for the claimant for the maximum sum which might thereafter accrue under the award.

The award of compensation is affirmed; but the cause is remanded for revision of the judgment to accord with the provisions of the statute and the views expressed in this opinion.