17350

ETHEL BUSH, Widow of Harry Bush, Deceased, Appellant v. GINGREY BROTHERS, MELINDA BUSH, AND UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondents.

(100 S. E. (2d) 821)

*Messrs. Poliakoff & Poliakoff,* of Aiken, and *Poliakoff & Poliakoff,* of Spartanburg, *for Appellant,*

*Messrs. Henderson, Salley & Cushman, Benjamin Sur-asky,* and *Lybrand, Simons & Smith,* of Aiken, *for Respondent,*

November 12, 1957.

TAYLOR, Justice.

This is a workmen's compensation case.

The deceased, Harry Bush, died as the result of an accident which arose out of and in the course of his employment with Gingrey Brothers, on March 4, 1956, leaving his widow, Ethel Bush. At the time of death, the deceased resided in the home of his mother, Melinda Bush. Both the widow and mother filed claim with the South Carolina Industrial Commission for benefits under the South Carolina Workmen's Compensation Act, Code 1952, § 72-1 *et seq.*

The Single Commissioner found that Ethel Bush was the widow and that Melinda Bush, the mother, was wholly dependent in fact upon the deceased employee within the contemplation of the South Carolina Workmen's Compensation Act and ordered the benefits equally divided between the two. Appellant, the widow, duly filed application for review by the Full Commission, the sole exception being:

"That the Commissioner erred in not awarding the entire amount of Death Benefits to the widow, Ethel Bush, the error being that the widow is conclusively presumed to be wholly dependent upon the deceased for support, and she being the sole beneficiary, should have been awarded the entire amount of the proceeds."

The Full Commission overruled the exception, affirmed the Opinion and award of the Single Commissioner, and adopted it *in toto* as its own.. Thereafter, Appellant appealed to the Court of Common Pleas for Aiken County upon four exceptions, which were heard by the Honorable E. H. Henderson, Resident Judge of the Second Judicial Circuit, who overruled all exceptions, the first, heretofore quoted, as being without merit, and refused to consider the last three exceptions as not being properly before him in that they had not been presented to and passed upon by the Full Commission.

The question of whether or not under the South Carolina Workmen's Compensation Act the widow of a deceased employee takes to the exclusion of all others found to be wholly dependent in fact upon such deceased employee has not heretofore been before this Court. We have, therefore, examined the decisions of other Courts upon the subject, which, although not conclusive, are entitled to careful consideration. *Salley v. Hamilton Veneer Company*, 201 S. C. 473, 23 S. E. (2d) 385.

The Code of Laws of South Carolina 1952, provides:

"§ 72-161.   Persons conclusively presumed wholly dependent.

"A widow, a widower or a child shall be conclusively presumed to be wholly dependent for support on a deceased employee."

"§ 72-162. Other cases of dependency.

"In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be at the time of the accident; * * *"

"§ 72-163. Division when more than one dependent.

"If there is more than one person wholly dependent, the death benefit shall be divided among them and the persons partly dependent, if any, shall receive no part thereof. If there is no one wholly dependent and more than one person partially dependent, the death benefit shall be divided among them according to the relative extent of their dependency."

"§ 72-180. Compensation to dependents of employee killed.

"* * * the employer shall pay or cause to be paid, * * * to the dependents of the employee wholly dependent upon his earnings for support at the time of the accident, * * *"

The foregoing sections of the Code relate to the same subject matter, are in *Pari Materia,* and must be construed together, keeping in mind of course the legislative intent. *First Presbyterian Church of York v. York Depository,* 203 S. C. 410, 27 S. E. (2d) 573.

Section 72-161 removes the burden of proving dependency by the persons enumerated therein. Section 72-162 sets forth how dependents other than those enumerated in Section 72-161 shall establish dependency; and Section 72-163 sets forth how an award shall be made payable should there be more than one person wholly dependent, or in case there is no one wholly dependent, be divided according to the extent of the dependency between those partially dependent; and Section 72-180 provides that benefits shall be paid to the dependents of the employee wholly dependent upon his earnings for support at the time of his accident. Section 72-161 removes the burden of proving dependency by mak-

ing such persons enumerated therein a preferred class by Statute, and they are presumed to be wholly dpendent; but there is nothing in the Statute that gives such persons a prior or exclusive right over others who are proven to be wholly dependent in fact without regard to any presumption. Had the Legislature intended otherwise, it could easily have provided that such persons as are enumerated in Section 72-161 *shall take to the exclusion of all others.* This was not done, and the absence of such language is significant when considered in the light of the language of the other sections heretofore referred to, especially Section 72-180.

The Supreme Court of Colorado in *L. B. Cole Produce Company v. Industrial Commission,* 123 Colo. 278, 228 P. (2d) 808, 810, in dealing with a similar situation, said:

"If deceased had a surviving wife or minor child, either of whom is conclusively presumed to be wholly dependent, it is argued that even though the mother of deceased also was wholly dependent upon him, she could not receive benefits so long as the wife or children remained dependents. The statute, however, makes no such provision. Section 335, Chapter 97, 35 C. S. A., provides, *inter alia*: 'Where there are persons both wholly dependent and partially dependent, only those wholly dependent shall be entitled to compensation.' The commission found claimant (mother of deceased) to be wholly dependent. We find no provision in the statute, nor has any decision of this court been called to our attention, which gives a prior and exclusive right to persons who are presumed wholly dependent, under the terms of the statute itself, as against those who are shown to be in fact wholly dependent without regard to any presumption."

We are of the opinion that the Legislature in enacting the foregoing statute did not intend that those persons enumerated in Section 72-161 shall take the entire benefits to the exclusion of others wholly dependent upon deceased but that they shall share equally the benefits with those wholly dependent upon the earnings of the deceased at the time of the accident. In so holding, we are not unmind-

ful of the holding of the Supreme Court of Connecticut in *Whalen v. New Haven Pulp and Board Company*, 127 Conn. 394, 17 A. (2d) 145, and *Meade v. De Felice and Son, Inc.*, 137 Conn. 292, 76 A. (2d) 862.

The last three exceptions relate only to the question of dependency of the mother, were not before the Full Commission upon review, and consideration was properly refused by the Circuit Court upon appeal under the holding of this Court in *Jones v. Anderson Cotton Mills*, 205 S. C. 247, 31 S. E. (2d) 447, 450, wherein it is stated:

"* * * The general rule is that an assignment of errors on appeal or error proceedings is a specification of the alleged errors by the trial or other lower Court and assigned or designated by the party complaining of them as a ground for reversal on review. The object of which is to point out specifically what is relied on as error, it ought to assign clearly and distinctly all the errors relied on for a reversal of the case so that the opposite party may know what questions are to be raised in the appellate court and may not be subjected to the danger of having new questions sprung at or just before the hearing. 3 Am. Jur., 287."

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed and the Order appealed from affirmed, and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.