MR. LESTER E. SHEALY, Husband; MRS. C. J. SUTTON, Mother,
OF LEE O. SHEALY, Deceased Employee
v.
ASSOCIATED TRANSPORT, INC., Imployer, Self-Insurer.

(Filed 10 June, 1960)

**1. Master and Servant § 76—**

> Those conclusively presumed to be wholly dependent under the Compensation Act are not given any priority over those wholly dependent in fact within the meaning of the Act, and therefore where an employee leaves a mother who has been wholly dependent upon the employee for a number of years and also leaves her husband surviving, the mother of the employee and the widower are entitled to share equally in the compensation for the death of the employee. G.S. 97-38, G.S. 97-39.

**2. Master and Servant § 45—**

> The Workmen's Compensation Act is to be liberally construed to effectuate its purposes to provide a measure of relief for those dependent upon employees who have unfortunately been injured or killed by accident in industry.

APPEAL by plaintiff, Lester E. Shealy, from *Sharp, S. J.*, October 1959 Special Civil Term, of MECKLENBURG.

Lee O. Shealy was an employee of defendant, Associated Transport, Inc., self-insurer. On 19 July 1958 she died as a result of an accident arising out of and in the course of her employment. Defendant admits that the death is compensable according to the provisions of the Workmen's Compensation Act, G.S. 97-1 *et seq.*, and stands ready to pay benefits to the person or persons legally entitled thereto.

Lee O. Shealy was survived by her husband, Lester E. Shealy, and her mother, Mrs. C. J. Sutton. She and Lester E. Shealy were married in 1919. She had no children. Her mother is 85 years old,

has been wholly dependent on deceased for several years, and has lived in the home of deceased for 37 years.

The widower and mother both filed claims with the Industrial Commission. The cause was heard by Commissioner Shuford on 30 January 1959. He found as a fact that the mother was wholly dependent on deceased employee for support. He entered an award dividing the compensation equally between the widower and mother. On appeal by the widower the Full Commission affirmed the findings of fact and award of the Hearing Commissioner.

The cause was then appealed to Superior Court where the award of the Full Commission was "in all respects confirmed." Widower, Lester E. Shealy, appealed to Supreme Court and assigned error.

*J. M. Scarborough for plaintiff Lester E. Shealy, appellant.*
*Hedrick and McKnight for plaintiff Mrs. C. J. Sutton, appellee.*

MOORE, J.  It is our opinion that the mother of the deceased employee is entitled to share equally with appellant in the compensation under the facts in this case, and we so hold.

The pertinent provisions of the Workmen's Compensation Act are as follows:

G.S. 97-38: "If death results . . . the employer shall pay compensation . . . to the person or persons entitled thereto as follows:

"(1) Persons wholly dependent . . . at the time of the accident shall be entitled to receive the entire compensation . . . share and share alike to the exclusion of all other persons. If there be only one person wholly dependent, then that person shall receive the entire compensation payable.

"(2) If there is no person wholly dependent, then any person partially dependent . . . shall be entitled to receive . . . compensation . . ."

G.S. 97-39. "A widow, a widower, and/or child shall be conclusively presumed to be wholly dependent for support upon the deceased employee. *In all other cases* questions of dependency, in whole or in part, shall be determined in accordance with the facts as the facts may be at the time of the accident; . . . and no compensation shall be allowed unless the dependency existed for a period of three months or more prior to the accident. (Emphasis ours) If there is more than one person wholly dependent, the death benefit shall be divided among them; the persons partly dependent, if any, shall receive no part thereof. If there is no one wholly dependent, and more than one person partially dependent, the death benefit shall be divided among them according to the relative extent of their dependency.

"The widow, or widower and all children of deceased employees. shall be conclusively presumed to be dependents of deceased and shall be entitled to receive the benefits of this article for the full periods specified herein."

G.S. 97-40. ". . . (i)f the deceased employee leaves neither whole nor partial dependents, then the compensation . . . shall be . . . paid in a lump sum to the next of kin as herein defined. . . . 'next of kin' shall include only child, father, mother, brother or sister of the deceased employee."

The Act, with regard to those entitled to receive benefits because of the death of employees, seems unambiguous. The legislative intent embraces the following: Beneficiaries are given three classifications— (1) those wholly dependent; (2) those partially dependent; (3) those defined by the statute as "next of kin." Those wholly dependent take to the exclusion of partial dependents. Widows, widowers and children of deceased employees are relieved of the necessity of proving actual dependency and are conclusively presumed to be wholly dependent. In any event, benefits are limited to those related to deceased employees as widows, widowers, children, fathers, mothers, brothers and sisters (having due regard to the definitions contained in G.S. 97-2).

Lester E. Shealy, widower of Lee O. Shealy, is conclusively presumed to be a whole dependent of deceased and is entitled to compensation. *Martin v. Sanatorium,* 200 N.C. 221, 224, 156 S.E. 849. He contends that he is entitled to receive the entire compensation to the exclusion of deceased's mother who was wholly dependent in fact but not favored by the conclusive presumption clause of G.S. 97-39. In short, he asserts that if there are those who are conclusively presumed to be wholly dependent, they are a preferred class and take the entire compensation notwithstanding there may be others wholly dependent in fact. He insists that the phrase, "In all other cases," contained in the second sentence of G.S. 97-39 creates a separate classification and gives a preferred status to one conclusively presumed to be wholly dependent. *Wilson v. Construction Co.,* 243 N.C. 96, 89 S.E. 2d 864, is cited in support of this proposition. In that case employee immediately prior to his death was living with a common law wife and supporting three of her illegitimate children of undetermined paternity. Another illegitimate child was born to her shortly after employee's death, but this child was not an "acknowledged" illegitimate child of employee. The inquiry was whether these children, or any of them, were entitled to share compensation with deceased's widow and children from whom he was separated. Applying the law to this factual situation, the Court said: ". . . (t)he widow and children 'shall be conclusively presumed

to be wholly dependent for support upon the deceased employee.' G.S. 97-39. And they *shall be entitled to receive the entire compensation payable share and share alike to the exclusion of all other persons.* G.S. 97-38(1)." Reference to the pertinent portion of the statute cited, G.S. 97-38(1), indicates that the Court did not intend the meaning that appellant attributes to the statement. That portion of the statute reads: "Persons wholly dependent . . . shall be entitled to receive the entire compensation . . ." The rationale of the opinion is that the arrangement between employee and his common law wife "was illicit, and his act in maintaining the children was purely voluntary. He was not under any legal obligation so to do." And they were "in no sense dependents within the meaning of the Workmen's Compensation Act." They were strangers and did not fall in any classification of beneficiaries within the purview of the Workmen's Compensation Act. This case does not support the theory propounded by appellant.

The phrase "in all other cases" is construed and explained in *Fields v. Hollowell*, 238 N.C. 614, 618, 78 S.E. 2d 740. There it is said: "The term 'in all other cases' in the connection in which it appears in the statute G.S. 97-39, means in all cases other than those of widows, widowers, and children, claiming to be dependents of the deceased employee, — dependency shall be determined in accordance with the facts as the facts may be at the time of the accident."

We find nothing in G.S. 97-39 which bestows a preferred classification upon those conclusively presumed to be wholly dependent so as to exclude from compensation those wholly dependent in fact within the meaning of the Workmen's Compensation Act. Had the Legislature so intended, it would have so stated in express terms. It did give priority to those wholly dependent over those only partially dependent. Had it intended another classification and priority, it is unreasonable to suppose that it would have left so important a matter to inference.

"The courts must give the Workmen's Compensation Act liberal construction 'to the end that the benefits thereof shall not be denied upon technical, narrow and restricted interpretation.' " *Kellams v. Metal Products*, 248 N.C. 199, 203, 102 S.E. 2d 841. Indeed, it is the tendency of the courts throughout the nation to give such Acts liberal construction so as to effectuate the purposes of such legislation in providing a measure of relief for those dependent upon employees who have unfortunately been injured or killed by accident in industry. *Produce Co. v. Industrial Commission* (Colo. 1951), 228 P. 2d 808, 810.

In our Court this is a case of first impression. But the North Carolina Industrial Commission has heretofore held that though the widow and children are conclusively presumed to be wholly dependent, this

does not exclude the right of other persons to compensation who are wholly dependent in fact. *Mills v. City of Salisbury*, 1 N.C. I. C. 230, The constructions placed on provisions of the Workmen's Compensation Act by our Industrial Commission are strongly persuasive with us.

The exact point involved here has been decided by the Supreme Court of our sister State, South Carolina. On the matters of dependency and compensation the South Carolina Workmen's Compensation Act is substantially identical with our own. Indeed, the two Acts are almost verbatim enactments. S. C. Code of Laws, sections 71-161, 162, 163 and 180. In *Bush v. Gingrey Brothers* (S.C. 1957) 100 S.E. 2d 821, deceased employee was survived by his widow and mother. He and his wife lived in the home of his mother. His mother was totally dependent upon him for support. Quoting with approval from *Produce Co. v. Industrial Commission, supra*, the Court said: "We find no provision in the statute, nor has any decision of this court been called to our attention, which gives a prior and exclusive right to persons who are presumed wholly dependent, under the terms of the statute itself, as against those who are shown to be in fact wholly dependent without regard to any presumption." The Court then continues, "We are of the opinion that the Legislature in enacting the . . . statute did not intend that those persons (conclusively presumed to be wholly dependent) shall take the entire benefits to the exclusion of others wholly dependent upon deceased but that they shall share equally the benefits with those wholly dependent upon the earnings of the deceased at the time of the accident." (Parentheses ours) See also *Produce Co. v. Industrial Commission, supra*.

The only case which has come to our attention wherein the Court takes a directly opposite view is *Whalen v. Pulp & Board Co.*, (Conn. 1940), 17 A. 2d 145. Other cases appearing to be contrary are based on strict statutory provisions differing widely from our Act. Where statutes specifically provide for priorities between classes of claimants, they are strictly adhered to. *Mays v. Indemnity Co.* (Ga. 1948), 48 S.E. 2d 550; *Steel & Iron Co. v. Alexander* (Ala. 1941), 3 S. 2d 46; *Flanigan v. Construction Co.* (Okla. 1955), 288 P. 2d 1112. Some compensation statutes provide for priorities among those wholly dependent. *Marcum v. Hickle* (Tenn. 1921), 234 S.W. 321; *Duffy v. Walsh-Kaiser Co.* (R.I. 1949), 64 A. 2d 863; *Locke v. Ice and Coal Co.* (Ala. 1926), 108 S. 46. On the other hand many of the Acts give discretion to Industrial Commissions to permit those wholly and partially dependent to share in the compensation. *Gas & Electric Co. v. Industrial Accident Commission* (Col. 1932), 12 P. 2d 649; *Hardymon v. Kaze* (Ky. 1931), 43 S.W. 2d 678; *Penn v. Penn* (Ky. 1919), 209 S.W. 53;

*Krueger v. Industrial Commission* (Wis. 1940), 295 N.W. 33; *Royster & Haardt v. Morgan* (Ala. 1944), 17 S. 2d 582.

In the instant case the Commission found as a fact that the mother of the deceased employee was wholly dependent on the employee for support. This finding is supported by competent evidence and appellant takes no exception thereto. The mother had been wholly dependent for more than three months, actually for several years. Her relationship is not too remote and comes within the general purview of the Act. Furthermore, on the facts in this case employee had the legal duty to support her. G.S. 14-326.1.

The judgment below is

Affirmed.