478 P.2d 702 (1970)
The INDUSTRIAL COMMISSION of Colorado, Household Finance Corporation and Travelers Insurance Company, Plaintiffs in Error,
v.
Fran M. ALLEN, Defendant in Error.
No. 70-126.
Colorado Court of Appeals, Div. II.
September 29, 1970.
Rehearing Denied November 4, 1970.
Certiorari Granted January 11, 1971.
Hemminger, McKendree, Vamos & Elliott, Richard S. Hays, Denver, for plaintiffs in error Household Finance Corp. and Travelers Ins. Co.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., for plaintiff in error Industrial Commission of Colorado.
Harden, Olsen & Napheys, B. F. Napheys, III, Fort Collins, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This is a workmen's compensation action brought by Fran M. Allen, as claimant, for compensation for injuries incurred in an accident which allegedly arose out of and in the course of her employment. The Industrial Commission denied her claim, but the district court reversed the findings of the Commission and remanded the cause with instructions to enter an award in favor of claimant. The Household Finance Corporation, the employer; the Traveler's Insurance Company, the insurance *703 carrier; and the Industrial Commission seek reversal of the judgment of the trial court and ask for a reinstatement of the Commission's order denying the claim.
The claimant was employed in a secretarial capacity at the Household Finance Corporation office in Fort Collins, Colorado. She left the employer's premises to move her car which was parked in a twohour zone across the street from her employer's office. After moving her car, she was struck by an automobile while crossing the street.
The Commission denied the claim on the basis that the accident was not one arising out of and in the course of her employment.
The findings of the referee which were approved by the Commission were as follows: that the claimant was employed by Household Finance Corporation on the date of the accident; that she was not on the employer's premises at the time of the alleged injury; that the claimant was moving her private car to avoid a parking ticket and was performing no service for the employer; that she was injured by a third party in a public street while performing personal business; that she was not required by the employer to drive her car to work or required by the employer to use her car for the employer's business; that the employer did not require her to park on a public street where parking meters were placed; and that, at the time of the accident, she was not performing services for the employer.
These findings are supported by competent evidence or by proper deductions or inferences therefrom and the findings are therefore conclusive on review. See Jasinski v. Ginley-Soper Construction Company, Colo., 458 P.2d 754. The general rule, which claimant concedes, is that the findings and award of the Commission are binding on review, and courts may not, although they may disagree with the conclusions reached by the Commission, substitute findings which to them may seem more compatible with the evidence. E.g., Industrial Commission v. Valdez, 101 Colo. 482, 74 P.2d 710. Claimant contends that the rule is not applicable where, as here, the only evidence before the Commission is the testimony of the claimant. She contends that the district court had the power to disregard the findings of the commission and determine as a matter of law that claimant was injured in an accident arising out of and in the course of her employment.
Although claimant's testimony is undisputed, it is susceptible of conflicting inferences. The findings of the Commission based on a choice of conflicting inferences are binding on review. The rule as stated in State Compensation Insurance Fund v. Russell, 105 Colo. 274, 96 P.2d 846, is that: "`Though all the evidence produced may come from the claimant, and viewed in its most favorable light, support an award for him, if it justifies adverse inferences which the commission clearly draws a contrary award will be upheld.'" Accord, Rand v. Industrial Commission, 110 Colo. 240, 132 P.2d 784.
The judgment is reversed, and the cause remanded with direction that the trial court enter judgment affirming the order of the Commission.
ENOCH and PIERCE, JJ., concur.