**Gerald W. FINNERMAN et al.,
Plaintiffs-Appellants,**

v.

**Harold L. McCORMICK, Executor of the Estate of George William McCormick, Deceased, and Sunset Drive In Theatre, a co-partnership, Defendants-Appellees.**

**Nos. 73-1708, 73-1709.**

United States Court of Appeals,
Tenth Circuit.

June 3, 1974.

Rehearing Denied July 1, 1974.

Robert A. Dufty, of Friedman, Bader & Dufty, Denver, Colo., for plaintiffs-appellants.

Don R. Evans, of Yegge, Hall & Evans, Denver, Colo., for defendants-appellees.

Before BREITENSTEIN, SETH and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this diversity action damages are sought for the wrongful death of Robert Sparr and serious injuries to Gerald Finnerman which occurred in the crash of a Piper aircraft. This took place on July 11, 1969. One George McCormick, the pilot of the plane, was also killed. This action is against the McCormick estate and the Sunset Drive In Theatre, the owner of the airplane and the alleged employer of George McCormick, deceased.

The purpose of this flight was to observe whether certain air shots of a raft which was being pulled across a reservoir would be successful for use in a motion picture which was then being filmed. Aubrey Schenck Enterprises, Inc. was the producer of the movie. Certain scenes of the movie were shot in Brush Hollow Reservoir, near Canon City, Colorado. On one of the passes over the site, the crash took place.

Plaintiffs in this action are Gerald Finnerman and the widow and son of Robert Sparr. It is alleged that the pilot McCormick and Sunset Drive In Theatre, owner of the plane, are responsible for the serious injuries and deaths.

The Fireman's Fund Insurance Company intervened as a plaintiff on the basis that it had paid Finnerman and Sparr workmen's compensation benefits on behalf of the producer of Schenck Enterprises. The latter company also filed an action against the estate of George McCormick seeking damages for McCormick's negligent interruptions of the Schenck motion picture. This latter suit was consolidated with the Finnerman and Schenck action.

The complication arises from the fact that the widow of George McCormick filed a claim before the Colorado Division of Labor in which Aubrey Schenck Enterprises, Inc. and Fireman's Fund Insurance Company were named as respondents. This asserted that at the time of the death of McCormick he was an employee of Schenck Enterprises so that the claimant, Marine Wood McCormick, was entitled to workmen's compensation benefits. Pending the determination of the claim by the Division of Labor, the present action was held in abeyance. The Referee of the Colorado Division of Labor held that Schenck Enterprises had employed George McCormick to fly Finnerman and Sparr over the motion picture site and that this was in the usual course of business of Schenck Enterprises. It was further held that compensation was to be paid. The Colorado Court of Appeals upheld this determination, citing Industrial Commission v. Allen, 28 Colo.App. 546, 478 P.2d 702 (1970).

Based on the decision of the Court of Appeals, defendants filed a motion for summary judgment, contending that this adjudication was conclusive as against these plaintiffs on the issue of McCormick's having been an employee of Schenck. This motion for summary judgment was granted on the ground that Finnerman and Sparr were bound by this adjudication and could not contend in the present action that McCormick was anything other than a co-employee of Finnerman and Sparr. Therefore, the issue on this appeal is whether the decision rendered by the Colorado Division of Labor that McCormick was an employee of Schenck Enterprises is binding on these plaintiffs so as to bar the present action and so as to preclude them from contending that he was solely an employee of the theatre or not an employee of Schenck's in the context of this present action.

■ It is our conclusion that the adjudication by the Industrial Commission affirmed by the Colorado Court of Appeals in the proceeding involving the claim by the widow of McCormick against Schenck does not constitute a bar to the present action. Appellees maintain that the issue as to whether McCormick was the co-employee of Finnerman and Sparr has been adjudicated in a binding way by the Industrial Commission and the Colorado Court of Appeals in the McCormick-Schenck pro-

ceeding. We are of the opinion, however, that the plaintiffs are at liberty to litigate the liability of McCormick, the pilot of the airplane, and that of Sunset Drive In, the owner of the plane since that issue has not been determined.

■■ Appellees say that the doctrine of *res judicata* applies. This doctrine precludes relitigation of a *judgment* on the merits in a prior suit which involved the same parties or their privies. A related doctrine is that of collateral estoppel which precludes relitigation of *issues* actually litigated and determined in a prior suit regardless of whether based on the same cause. *See* Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

The two causes of action at bar are distinct. The workmen's compensation case was a dispute between McCormick's widow and Schenck under the Workmen's Compensation Act. The present case is an ordinary tort action in which different plaintiffs seek recovery against different defendants. More important than the difference in parties is the fact that McCormick's employment status in the compensation·case was limited to a special temporary employment. It is not determinative as to his permanent status. The issue is not the same.

Not only are the fact situations different, but the applicable standards for determining the question of employer relationship are also different in the two instances. Before the Compensation Commission a liberal view is taken and the presumption favors a finding of an employee relationship. McCormick's relationship to Schenck was a special temporary one. Schenck was employing him and the airplane for a limited time and a particular purpose. This did not exclude proof in another suit that McCormick's permanent employer was Sunset Drive In which owned the plane and with which he had a vicarious relationship.

Professor Moore in his work on federal practice recognizes this exception to the collateral estoppel doctrine. *See* 1B Moore's Federal Practice ¶ 0.443[2].

Our court has also held that collateral estoppel does not apply where the issue emerges differently in two different contexts. *See* Embry v. Equitable Life Assurance Society, 451 F.2d 472 (10th Cir. 1971), cert. denied, 405 U.S. 1041, 92 S.Ct. 1316, 31 L.Ed.2d 582 (1972). To the same effect is Young & Company v. Shea, 397 F.2d 185, 188 (5th Cir. 1968), cert. denied, 395 U.S. 920, 89 S. Ct. 1771, 23 L.Ed.2d 237 (1969).

As we view it, then, confusion is apt to arise as a result of a mechanical application of the doctrine of collateral estoppel. In the present suit the plaintiffs are not seeking to disprove that McCormick was an employee of Schenck at the time of the airplane crash. They are seeking to establish a positive and not inconsistent thesis, namely, that McCormick was generally an agent of (or a partner in) Sunset Drive In Theatre.

■ In adjudicating the present question it is important to be mindful that the Workmen's Compensation Act is broadly and liberally construed so as to provide just compensation for workmen and their families for injuries during employment. *See* University of Denver v. Nemeth, 127 Colo. 385, 257 P.2d 423 (1953); L. B. Cole Produce Co. v. Industrial Commission, 123 Colo. 278, 228 P.2d 808 (1951); Continental Oil Co. v. Sirhall, 122 Colo. 322, 222 P.2d 612 (1950). Thus, the Compensation Act emphasizes the objective of protection of employees and in carrying out this objective gives a broad interpretation to the term "employee." *See* Martin K. Eby Construction Co. v. Industrial Commission, 151 Colo. 320, 377 P.2d 745 (1963); Divelbiss v. Industrial Commission, 140 Colo. 452, 344 P.2d 1084 (1959). In seeking to carry out the purposes of the Act, employment has been found to exist in unexpected circumstances. *See* Continental Oil Co. v. Sirhall, *supra.* 222

P.2d 612 at 613, wherein the Colorado court said:

[A]n obligation [to pay workmen's compensation] may, in proper cases, be imposed against an owner where the common-law relationship of employer and employee does not exist, in that one may be an employee by virtue of the statute, for the purpose of workmen's compensation, when in fact he is not an employee by common-law definition. 222 P.2d at 613.

In view, then, of the vast difference between workmen's compensation procedures and the methods which obtain in a courtroom, it cannot be said that the adjudication before the Industrial Commission precludes the prosecution of the present case and the litigation of the issue of agency. Indeed, McCormick's permanent employment would appear to have been with the Sunset Theatre and from all that is apparent in this record Sunset was ultimately responsible for his activities in that it had the underlying right to direct his actions. *Cf.* Landis v. McGowan, 114 Colo. 355, 165 P.2d 180 (1946), and Chartier & Industrial Commission v. Winslow Crane Service Co., 142 Colo. 294, 350 P.2d 1044 (1960). *See also* Restatement of Agency 2d § 226, which states that a person may serve two masters if the service to one does not involve abandonment of the service to the other.

Having reached the conclusion that the issues in the proceedings are substantially disparate in their purposes, we need not deal with the question as to whether these plaintiffs were somehow in privity with either Fireman's Fund Insurance Company or Schenck in the compensation proceedings. That is irrelevant. Were we to consider it, however, we would be hard pressed to hold that privity existed.

One further observation: we fail to see that even if collateral estoppel were applicable that it could apply to bar plaintiffs' action against Sunset Drive In Theatre which was in no manner related to the proceedings before the Colorado Industrial Commission.

Seeing no legal bar to appellants asserting that McCormick was acting in the course of primary employment, we must rule that the court erred in granting summary judgment.

The judgment is reversed and the cause remanded for a trial.