*********** *Page 2 
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Houser with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. An employee-employer relationship existed between William Rick Smith, hereinafter referred to as the decedent, and defendant-employer at the time of the accident in question.
2. On all relevant dates, Key Risk Insurance Company was the carrier on the risk.
3. The date of the accident in question was January 17, 2005.
4. The decedent sustained an injury on January 17, 2005 which resulted in his death on that date.
5. On all relevant dates, all parties hereto were subject to the North Carolina Workers' Compensation Act at the time of the accident, the employer employing the requisite number of employees to be bound under the provisions of the Act.
6. The decedent sustained an injury by accident arising out of and in the course of his employment with defendant-employer on January 17, 2005. Defendants admitted the compensability of said injury under the North Carolina Workers' Compensation Act. *Page 3 
7. Tyler Jordan Gentry and Brandon Carroll Smith were wholly dependent for support upon the earnings of the decedent at the time of the accident and his death, and that they are entitled to receive a share of the death benefits under the North Carolina Workers' Compensation Act.
8. It is stipulated that defendants are entitled to receive a credit for payments they have made to Tyler Jordan Gentry as against the final award of benefits due him under the North Carolina Workers' Compensation Act.
9. At the hearing, the parties submitted the following:
 a. A Packet of various stipulated documents which included a birth certificate of Tyler Gentry, a Voluntary Support Agreement and Order, a Custody Agreement, an Order from District Court dated December 12, 1998, Developmental Evaluation Findings and Industrial Commission Filings and Orders, and which was admitted into the record and marked as Stipulated Exhibit (2), and;
 b. An Investigation DVD, which was admitted into the record and marked as Stipulated Exhibit (3) to the extent it corroborates witnesses' testimony.
10. Copies of checks (back and front) submitted by Mr. Reaves pursuant to the Order of March 25, 2008 are allowed into evidence.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 4 
1. The decedent was born on June 12, 1957 and was married on January 17, 2005, the date of the accident causing his death.
2. The parties have stipulated that Tyler Jordan Gentry, born October 15, 1995 and Brandon Carroll Smith, born July 1, 1989 were the decedent's acknowledged illegitimate children and were wholly dependent upon him for support on January 17, 2005. As whole dependents, both are entitled to share the death benefits pursuant to the Act. Mr. Harry W. Gentry has been duly appointed as the guardian ad litem for Tyler Jordan Gentry. Mr. Jonathan Winstead has been duly appointed as theguardian ad litem for Brandon Carroll Smith.
3. The decedent was employed by defendant-employer as a general laborer. Defendant-employer is a builder/contractor. At the time of the accident in question, decedent was a member of a crew building a home. Decedent's tasks primarily involved general labor and cleaning the construction site.
4. On January 17, 2005, the decedent was cleaning in a house when he fell more than ten feet off a second floor balcony. He sustained a broken neck and was killed instantly upon impact with the concrete floor.
5. Heather Pierce was an adult child of the decedent on January 17, 2005. On that date, Ms. Pierce was twenty-five years of age. She earned $320.00 per week at her job in the daycare industry until December 7, 2004. Ms. Pierce had held that job for approximately four years prior to December 7, 2004.
6. In November 2004, the decedent sent $500.00 to Ms. Pierce, who was living in Kentucky, so that she would have the financial means to move back to North Carolina. The move was completed on or about December 17, 2004. Ms. Pierce had four children who moved with her. The children who came to live with the decedent were Kaitlyn Pierce, age seven, twins *Page 5 
Kayla Pierce and Kayleigh Pierce, and an infant Gavin Crom, who was less than one year old at the time.
7. At the time of the move, Ms. Pierce was receiving $249.82 in child support from the father of Gavin Crom and Medicaid benefits. Ms. Pierce testified that after the move, she had only $5.00 in cash. After settling in North Carolina, Ms. Pierce began searching for work and secured a job at Burger King, but had not begun working at the time of decedent's death. While in North Carolina, Ms. Pierce resided with the decedent and his roommate, Tim Blanton. The decedent and Mr. Blanton split the cost of rent and utilities for the residence. Also, while in North Carolina, the decedent provided some support to Ms. Pierce in the form of purchasing food and purchasing Christmas items for her children in December 2004.
8. Aside from the information noted in the above paragraphs, Ms. Pierce provided no other documentation or evidence concerning her monthly expenses, her monthly income or proof of support from the decedent.
9. The Full Commission finds that on January 17, 2005 Heather Pierce was over eighteen years of age and therefore is not entitled to the conclusive presumption of whole dependency.
10. Based upon the totality of the credible evidence of record, the Full Commission finds that on January 17, 2005 Heather Pierce was partially dependent upon the earnings of the decedent for support. Additionally, the undersigned find Ms. Pierce's contention that time prior to her eighteenth birthday be considered to qualify her as a whole dependent does not correspond with the meaning and intent of the sections of the Act in question.
11. Jimmy Reaves, defendant-employer's owner, had been in the construction business for approximately thirty years prior to the date of the accident. Mr. Reaves had used *Page 6 
harness restraint systems in the past when employees worked at heights. However, defendant-employer only required employees to use harness restraint systems when working on roofs and did not use them at any other time prior to the date of the accident.
12. Craig Sembly, an OSHA investigator, investigated the accident and inspected the accident site on January 25, 2005. Mr. Sembly met with Mr. Reaves, took photographs of the site, talked with witnesses, and took measurements. As a result of his investigation, Mr. Sembly found that defendant-employer violated multiple OSHA safety requirements which resulted in the accident and the decedent's death. Consequently, Mr. Sembly issued OSHA citations to defendant-employer. The violations included the following:
 a. Defendant-employer failed to provide his employees, including the decedent, a training program in the nature of fall hazards in the work area and in fact did not train decedent and its employees in such hazards as required by OSHA. (29 CFR 1926.503(a)(1) and 29 CRF 1926.1060(a)(1)(i)).
 b. Defendant-employer failed to install a proper railing system as the top rail did not meet minimum height requirements as required by OSHA. (29 CFR 1926.502(b)(1)).
 c. Defendant-employer failed to provide mid rails, screens, mesh, or other intermediate vertical members from the second floor balcony and the rail installed did not qualify as a mid or top rail. (29 CFR 1926.502(b)(2)).
13. Mr. Reaves admitted that defendant-employer knew about some of the requirements of OSHA for fall protection, including the use of rails and harness systems. Defendant-employer installed one rail and based upon the credible evidence of record, the *Page 7 
undersigned find defendant-employer knew or should have known that it was missing a second mid rail because it had been in the construction business for thirty years.
14. On November 28, 2005, defendant-employer consented to a settlement agreement with OSHA accepting the citations and penalties for violations of OSHA safety regulations.
15. The Full Commission finds that defendant-employer's violations of OSHA's safety and health laws, rules and regulations constitute a willful failure to comply with the statutory safety requirements.
16. The decedent was employed for approximately seven weeks before the accident and was paid $320.00 per week by check. Defendant-employer submitted the front and backs of the seven checks. All the checks are made payable to Rick Smith in varying amounts from $188.00 up to $306.00. Each check, in the note section, lists varying amounts of loan repayments which when added to the amount of the check, totals $320.00. The checks are all endorsed by Rick Smith.
17. On the date of the injury the defendant-employer employed approximately four other employees besides the decedent and the owner, Mr. Reaves. The decedent was the only cleanup person, as the other employees performed primarily construction duties. The defendant-employer had never employed an individual solely to perform cleanup duties before hiring the decedent. Wages of the other employees performing construction work ranged from the lowest weekly wage between $320.00 and $480.00, up to the highest weekly wage of $520.00. There were no employees similar to the decedent performing primarily or exclusively cleanup work.
18. As a result of the decedent's fatal injury by accident, plaintiffs are entitled to have defendants pay burial expenses up to $3,500.00 to the persons entitled thereto. *Page 8 
19. Although key facts in this case were entered into the record by stipulations, an award of attorneys' fees as a percentage of the compensation and penalty awarded herein is appropriate.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. William Rick Smith died as a result of an injury by accident arising out of and in the course of her employment with defendant-employer on January 17, 2005. N.C. Gen. Stat. § 97-2(6).
2. N.C. Gen. Stat. § 97-2 (5) provides five possible methods of determining average weekly wages. This statute establishes a clear order of preference for calculating average weekly wages such that when the first method can be used, it must be used. Hensley v. Caswell ActionComm., Inc., 296 N.C. 251 S.E.2d 399 (1979). In this matter, the first two methods of calculations are not applicable as the decedent was employed for a period of less than one year before the date of the injury. The third method of calculation may be employed by dividing the earnings by the number of weeks during which the decedent earned wages. Since the employee earned $320.00 per week during each week he was employed, the average weekly wages as computed under this method of calculation is $320.00 which is fair and just to all parties. The compensation rate is $213.31.
3. On January 17, 2005, the minor children, Tyler Jordan Gentry and Brandon Carroll Smith were both acknowledged illegitimate children of the decedent and therefore *Page 9 
conclusively presumed to have been wholly dependent upon the decedent at the time of his death. N.C. Gen. Stat. §§ 97-2(12); 97-38; 97-39.
4. As of January 17, 2005, Heather Pierce was over eighteen years of age and therefore not entitled to the presumption of whole dependency.Id.
5. Based upon the totality of the credible evidence of record, on January 17, 2005 Heather Pierce was partially dependent upon the earnings of the decedent for support. Id. However, Ms. Pierces' contention that time prior to her eighteenth birthday should be considered to qualify her as a whole dependent does not correspond with the meaning and intent of the sections of the Act in question. Id.; seee.g., Thomas v. Raleigh Gas Co., 218 N.C. 429, 11 S.E.2d 297 (1940);Shealy v. Associated Transport, Inc., 252 N.C. 738, 114 S.E.2d 702
(1960).
6. As the sole whole dependents of the decedent at the time of his death on January 17, 2005, the minor children, Tyler Jordan Gentry and Brandon Carroll Smith are entitled to share equally in the decedent's death benefits at the exclusion of all others. N.C. Gen. Stat. §§ 97-2(12); 97-38; 97-39.
7. Defendant-employer's willful violations of OSHA's safety and health laws, rules and regulations constitute a willful failure to comply with the statutory safety requirements, thereby subjecting defendants to the imposition of a ten percent penalty to be added to all compensation awarded. N.C. Gen. Stat. § 97-12.
8. For his use and benefit, the minor child Tyler Jordan Gentry is entitled to receive from defendants, death benefits in the amount of one-half of $213.31 plus one-half of a ten percent (10%) penalty for four hundred weeks or until he reaches the age of eighteen, whichever last occurs. Id. *Page 10 
9. For his use and benefit, the minor child Brandon Carroll Smith is entitled to receive from defendants, death benefits in the amount of one-half of $213.31 plus one-half of a ten percent (10%) penalty for four hundred weeks or until he reaches the age of eighteen, whichever last occurs. Id.
10. The award of attorneys' fees as a percentage of the compensation and penalty awarded herein is appropriate overall. N.C. Gen. Stat. § 97-90, Workers' Compensation Rules 409(7) and 801.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to a general guardian, or to another suitable person designated by a Clerk of Court, for the use and benefit of the minor child, Tyler Jordan Gentry, death benefits in the amount of one-half of $213.31 plus one-half of a ten-percent penalty for four hundred weeks or until he reaches the age of eighteen, whichever last occurs. From the amounts having accrued, this compensation and penalty shall be paid in a lump sum. This compensation is subject to the attorney's fee awarded herein.
2. Defendants shall pay to Brandon Carroll Smith death benefits in the amount of one-half of $213.31 plus one-half of a ten-percent penalty for four hundred weeks or until he reaches the age of eighteen, whichever last occurs. From the amounts having accrued, this compensation and penalty shall be paid in a lump sum. This compensation is subject to the attorney's fee awarded herein. *Page 11 
3. Defendants shall pay burial expenses up to $3,500.00 to the persons entitled thereto.
4. A reasonable attorney's fee for counsel for Tyler Jordan Gentry and counsel for Brandon Carroll Smith in the amount of fifteen percent (15%) of the compensation and penalty awarded herein is approved.
5. Defendants shall pay the costs, including reimbursement to the attorney for Tyler Jordan Gentry, Gene A. Riddle for the cost of the transcripts of the depositions of Craig Sembly and Jimmy Reaves in the amount of $219.10.
This the 10th day of September 2008.
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER