BETTY WILSON, Widow and Guardian for LARRY JOE PHILLIPS, WILLIAM RANDLE WILSON, JANICE JEAN WILSON, and BEVERLY ANN WILSON, Minor Children; GEORGE T. BLACKBURN, Next Friend for VERLINE MEALER, BILLY MEALER (WILSON), JEANNINE MEALER, and WENDOM MEALER YORK, Minor Children; J. T. WILSON, Admr. of Estate, BILLY WILSON, Deceased (Employee), Claimants, v. UTAH CONSTRUCTION COMPANY (Employer); EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY (Carrier).

(Filed 9 November, 1955.)

**1. Master and Servant § 55c—**

On appeal from award of the Industrial Commission, appellants are not required to serve their assignments of error at the time they serve notice of their appeal, but have a reasonable time after the certification of the record by the Industrial Commission to file their assignments of error along with the certified copy of the record. Five days *is held* a reasonable time within the meaning of this rule. G.S. 97-86.

---

WILSON *v.* CONSTRUCTION CO.

---

**2. Master and Servant § 53d—**

Where it appears that a child was born to the common law wife of the employee shortly after the employee's death, but there is no sufficient evidence that the child was an acknowledged illegitimate child of the employee, such child is not entitled to participate in the distribution of the award as a dependent.

**3. Same—**

The employee died leaving surviving him his widow and three children. At the time of his death the employee was not living with his wife, but was living with another as his common law wife and was supporting her and her three children of whom he was not the father. *Held:* The employee's widow and three children are conclusively presumed to be his dependents to the exclusion of all others, and are entitled to the entire compensation payable for his death, share and share alike.

**4. Same—**

Under the Workmen's Compensation Act those entitled to benefits for the death of an employee resulting from one of the risks of industry are entitled to make claim directly before the Industrial Commission in lieu of the old action for wrongful death, and if the employee leaves no widow or children surviving, actual dependency must be established, and if there is no actual dependent, the compensation is to be commuted and paid to the employee's next of kin.   G.S. 97-40.

APPEAL by plaintiff Blackburn, next friend, from *Carr, J.,* June Term, 1955, VANCE.   Affirmed.

Proceeding before the Industrial Commission to determine claimants to the benefits accruing due to the death of Billy Wilson, deceased employee of the defendant construction company.

Said employee received injuries in the course of and arising out of his employment which caused his death.   Defendant admits liability and desires the court to determine to whom the benefits should be paid.

At the time of his death the deceased employee left surviving his widow and three children.   His widow had a child born out of wedlock of which the employee was not the father.   This child was living with and being supported by its grandparents.   The employee and his wife were living separate and apart.

At the time of his death the employee was living with one Loretta Mealer as his common law wife.   She had three children of which the employee was not the father.   He had, however, taken the three children into his home and was voluntarily furnishing them with necessary support and maintenance.   Both the widow and the guardian for her children, hereinafter referred to as the Wilsons, and the guardian for the minor children of the common law wife claim the benefits to be paid on account of the death of the employee.   The Mealer woman had a child

born to her after the death of the employee.. Claim is also made in its ·behalf.

The Industrial Commission allowed compensation to the three Mealer children and to the widow and the three children of the deceased employee, one-seventh each. Both the Mealers and the Wilsons appealed.

When the cause came on to be heard in the court below, the judge ruled that the Mealers were not dependents within the meaning of the law, and that the widow and children were conclusively presumed to be the dependents as a matter of law. It thereupon entered judgment awarding compensation to the widow and three children of the employee. The Mealers excepted and appealed.

*Blackburn & Blackburn for appellant.*

*Charles E. Hamilton and Wade W. Mitchem, Jr., for Betty Wilson, Widow and Guardian for Larry Joe Phillips, William Randle Wilson, Janice Jean Wilson and Beverly Ann Wilson, Minor Children, appellee.*

*Perry & Kittrell for defendant appellees.*

BARNHILL, C. J. Counsel for the Mealers moved the court below to dismiss the appeal of the Wilsons from the award made by the Industrial Commission. The motion is grounded upon the fact that the bill of exceptions and assignments of error relied on by the Wilsons were not served together with the service of the notice of appeal. The guardian excepts to the ruling of the court denying the motion. The exception is without merit.

The award was made 3 January 1955, and notice of appeal was served 24 January 1955, within thirty days after the entry of the award. The Commission then had sixty days within which to prepare and furnish the appellant with a certified transcript of the record in the case for filing in the Superior Court. G.S. 97-86. Since the bill of exceptions and assignments of error must include the page of the record at which each exception may be found, it was impossible for the Wilsons to serve the assignments of error at the time they served notice of their appeal, and the Legislature did not intend to require the impossible.

The Industrial Commission furnished the Wilsons with a certified copy of the record on 16 March 1955, and the Wilsons filed their assignments of error 21 March 1955 along with the certified copy of the record. Thus it appears that the assignments of error were prepared and filed within a reasonable time after the receipt of the record. This is all that the law requires.

While it appears that there was born to the common law wife of the employee a child shortly after his death, there is no sufficient evidence in the record tending to show that this child was an acknowledged

illegitimate child of the deceased so as to entitle it to compensation in accord with our opinion in *Lippard v. Express Co.*, 207 N.C. 507, 177 S.E. 801.

When an employee of a corporation which is subject to the Workmen's Compensation Act suffers death from an accident arising out of and in the course of his employment, and he leaves a widow and children him surviving, the widow and children "shall be conclusively presumed to be wholly dependent for support upon the deceased employee." G.S. 97-39. And they "*shall be entitled to receive the entire compensation payable share and share alike to the exclusion of all other persons.*" (Italics supplied.)   G.S. 97-38 (1).

There is nothing in the record which would tend to preclude the right of the widow to receive her share of the compensation. And even if we should concede that she is precluded, the three children would receive the compensation. Thus, the Mealers would not be placed in any better position by such a holding.

The Mealers were in no sense dependents within the meaning of the Workmen's Compensation Act. The arrangement between the employee and the mother of the Mealer children was illicit, and his act in maintaining the children was purely voluntary. He was not under any legal obligation so to do. Decision as to them is controlled by what is said by *Winborne, J.*, speaking for the Court, in *Fields v. Hollowell*, 238 N.C. 614, 78 S.E. 2d 740.

It may be noted that the Workmen's Compensation Act was substituted for the old Wrongful Death Act where the death results from one of the risks of industry. Under the old procedure an administrator sued and, upon recovery, distributed the proceeds among those entitled thereto under the law. Under the new procedure those who are entitled to the benefits make claim directly before the Industrial Commission. If the employee leaves no widow or children surviving, that is, "in all other cases," actual dependency must be established, and if there was no one actually dependent upon the employee at the time of his death, the compensation is to be commuted and paid to the next of kin. G.S. 97-39, 40.

For the reasons stated judgment entered in the court below is affirmed on authority of *Fields v. Hollowell, supra.*

Affirmed.