MRS. WILLA BLANCHE HEWETT, Widow; BARBARA RUTH HEWETT, Minor Daughter, by her Next Friend, REBECCA WILSON; CARL HAYES HEWETT, Deceased Employee vs. S. W. GARRETT, Employer; GLENS FALLS INSURANCE CO., Carrier

No. 193

(Filed 9 October 1968)

1. **Master and Servant § 79— dependency requirement of G.S. 97-2(12)**

    The words "dependent upon the deceased" in G.S. 97-2(12) refer to a legal, not an actual, dependency.

2. **Master and Servant § 79— acknowledged illegitimate child — failure of father-employee to support**

    Where the deceased employee acknowledged the paternity of an illegitimate child and contributed to its support, his discontinuance of support for the child did not work a forfeiture of the child's right to participate in benefits under the Workmen's Compensation Act resulting from the death of the employee-father, since his legal responsibility to support the child continued.

3. **Master and Servant § 79— length of status as child for compensation purposes**

    When an illegitimate child qualifies as a child for compensation purposes, that status continues until the child becomes 18 years of age or marries before reaching that age.

4. **Master and Servant § 79— when child loses right to share in compensation**

    A legitimate or acknowledged illegitimate child loses its right as a child

to share in compensation benefits (1) by reaching the age of 18 years, whether married or single, or (2) by marriage before 18 unless after marriage the child continues wholly dependent upon the parent. G.S. 97-2(12).

**5. Master and Servant § 47—    construction of Workmen's Compensation Act**

The Workmen's Compensation Act should be liberally construed to the end that benefits may not be denied on narrow or technical grounds.

**6. Master and Servant § 79—    acknowledged illegitimate child — employee not supporting at his death — right to compensation**

An acknowledged illegitimate child of a deceased employee is entitled to share with the deceased's widow the Workmen's Compensation award due his dependents as a result of his death in an industrial accident notwithstanding the employee-father was not contributing to the support of his illegitimate child at the time of his death, the father being legally responsible for his illegitimate child, and G.S. 97-39 providing a conclusive presumption that the child is wholly dependent for support on the deceased employee-father.

ON certiorari to review the decision of the North Carolina Court of Appeals (1 N.C.App. 234) holding that Barbara Ruth Hewett, acknowledged illegitimate daughter of Carl Hayes Hewett, was entitled to share equally with the widow, Willa Blanche Hewett, in the Workmen's Compensation award due his dependents as a result of his death in an industrial accident.

The proceeding originated before the North Carolina Industrial Commission as a claim filed by the widow and by the next friend of the illegitimate child against the employer and his surety for death benefits due them as dependents of Carl Hayes Hewett, whose death occurred on May 19, 1963 while he was at work for S. W. Garrett. Based on the stipulation of the parties and the uncontradicted evidence at the hearing before the Industrial Commission, the Commission found:

"6. The maternal grandmother, Rebecca Wilson, testified, and the undersigned finds as a fact, that she visited at Brevard, North Carolina, in June, 1957, and stayed with her daughter, Barbara Wilson, who went by the name Barbara Hewett, at Brevard and Carl Hayes Hewett, who were living together as husband and wife with the aforementioned child, Barbara Ruth Hewett; that on July 4, 1958, Barbara Wilson (Hewett) took the then thirteen month old daughter and moved in with her mother in New York at the above listed address. Approximately two weeks thereafter (on or about July 18, 1958) Carl Hayes Hewett moved into the household with Rebecca Wilson and

lived as husband and wife with Rebecca Wilson [sic] and the infant girl, Barbara Ruth Hewett. On or about the first part of October, 1958, Rebecca Wilson discovered that Carl Hayes Hewett and Barbara Wilson were not married. At that time Carl Hayes Hewett moved from the household. During this period from July to October in 1958 Carl Hayes Hewett paid part of the grocery bills for the four persons residing in the household in New York but has paid nothing toward the support of Barbara Wilson Hewett since that time."

The Commission concluded:

"1.   Carl Hayes Hewett was injured by accident arising out of and in the course of his employment with the defendant employer resulting in his death . . .

2.   Willa Blanche Hewett is the lawful widow of the deceased, Carl Hayes Hewett . . .

3.   Barbara Ruth Hewett is the illegitimate daughter of the deceased, but was not a dependent of the deceased for some five years prior to May 19, 1963, and thereby is excluded from any recovery. . . ."

The Industrial Commission entered an award allowing full compensation to the widow and denying any recovery on behalf of the illegitimate child.

On the child's appeal to the North Carolina Court of Appeals, the Court reversed the Commission's award with respect to the child and held she was entitled to share equally with the widow and remanded the proceeding to the Industrial Commission with directions to enter an order allowing her to share equally with the widow in the award. The widow filed a petition with this Court seeking a review of the Court of Appeals decision. This Court, recognizing the importance of the decision involving the rights of a minor, as well as the conflict between the award of the Industrial Commission and the decision of the Court of Appeals, granted certiorari.

*James, James & Crossley by John F. Crossley for plaintiff widow.*
*Aaron Goldberg for minor plaintiff.*

HIGGINS, J.

The Industrial Commission found upon plenary and uncontradicted evidence that Barbara Ruth Hewett is the illegitimate child of the deceased employee, Carl Hayes Hewett. All the evidence disclosed that the father and mother, Barbara Wilson, although unmar-

ried, lived together in North Carolina prior to and at the time of their daughter's birth on June 8, 1957. The birth certificate, filed at Brevard, gives to the daughter the Hewett name and lists Carl Hayes Hewett as her father. The evidence further disclosed, and the Commission found, that the mother and the child left North Carolina and moved into the home of the child's maternal grandmother in New York, and continued to live thereafter for several months in her home. During that time, Carl Hayes Hewett contributed to the support of the mother and the child.

We note the record does not contain a pointed and specific finding or conclusion that Carl Hayes Hewett acknowledged Barbara Ruth Hewett as his illegitimate daughter. However, Finding of Fact No. 6 has been treated by the parties, by the Industrial Commission, and by the Court of Appeals as the equivalent of such a specific finding. The widow's brief before this Court thus states the question presented:

"1. Is the North Carolina Court of Appeals in error in holding in its opinion, rendered May 15, 1968, that an illegitimate child, acknowledged by its father, however, not supported by its father and not in fact dependent upon its father, is conclusively presumed by statute law to be entitled to share in an award arising out of the death of its father?"

The acts and conduct of Carl Hayes Hewett as disclosed by Finding of Fact No. 6 permits no reasonable conclusion except his acknowledgment that Barbara Ruth Hewett is his illegitimate daughter. The parties, the Industrial Commission, and the Court of Appeals were fully justified in so treating the finding.

Apparently not because of lack of evidence that Carl Hayes Hewett actually acknowledged Barbara Ruth Hewett as his illegitimate daughter, but lack of evidence that he actually contributed to her support for 4½ years preceding his death, the Industrial Commission concluded that Barbara Ruth Hewett did not qualify as a child and was not entitled to participate in the compensation benefits.

This review involves the validity of the Court of Appeals decision reversing, in part, the award of the Industrial Commission and remanding the cause to the Commission with directions to enter an award permitting the illegitimate child to share equally with the widow in the death benefits. The legal validity of that decision is the sole question of law presented for our review. Does Barbara Ruth Hewett qualify as an acknowledged illegitimate child of Carl Hayes Hewett?

G.S. 97-2(12) provides:

". . . The term 'child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him. . . ."

**[1]** It should be noted the wholly dependent provision applies only in case of married children. It does not apply to acknowledged illegitimates or other children who are unmarried and who are under 18. The statute recognizes a distinction between actual and legal dependency. A legal dependence is sufficient and the law fixes that type of responsibility on the father of an illegitimate. Moreover, G.S. 97-39 provides: ". . . a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee. . . ."

**[2]** In this case certain it is that at birth and thereafter for approximately 16 months Carl Hayes Hewett acknowledged Barbara Ruth as his illegitimate child. In the records of births, he is listed as the father. He lived in the house with her and her mother and contributed to their support from her birth until her grandmother broke up the family arrangement when she discovered her daughter and Carl Hayes Hewett were not married. Although evidence is lacking that he contributed to the child's support after he separated from the mother, his legal responsibility continued. His failure to support did not work a forfeiture of the child's right to participate in the death benefits under Workmen's Compensation.

**[3, 4]** When an illegitimate child qualifies as a child (as Barbara Ruth did in this case) the status, for compensation purposes, continues until the child becomes 18 years of age or unless she marries before reaching that age. G.S. 97-2(12) clearly sets out how a child, legitimate or acknowledged illegitimate, may lose its right as a child to share in compensation benefits:

1. By reaching the age of 18 years, whether married or single.

2. By marriage before 18 unless after marriage the child continues wholly dependent upon the parent.

**[5]** It must be remembered that the Compensation Act should be liberally construed to the end that benefits may not be denied on narrow or technical grounds. *Johnson v. Hosiery Co.*, 199 N.C. 38, 153 S.E. 591.

**[6]** In construing the provisions of the Workmen's Compensation

Act here involved, Justice Connor, in *Lippard v. Express Co.*, 207 N.C. 507, 177 S.E. 801, used this language:

"1. 'A widow, a widower, and . . . child shall be conclusively presumed to be wholly dependent for support on the deceased employee. . . .'

2. 'The term "child" shall include . . . a child legitimately adopted prior to the injury of the employee, and a step-child or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him.'

. . . The dependency which the statute recognizes as the basis of the right of the child to compensation grows out of the relationship, which in itself imposes upon the father the duty to support the child, and confers upon the child the right to support by its father. The status of the child, social or legal, is immaterial.

The philosophy of the common law, which denied an illegitimate child any rights, legal or social, as against its father, and imposed no duty upon the father with respect to the child, is discarded by the statute. . . ."

In *Lippard*, an acknowledged illegitimate, though unborn at the death of the father, was permitted to share in his death benefits under Workmen's Compensation. Justice Connor's opinion was filed January 1, 1935. Since then, the General Assembly has convened in 17 regular and a number of special sessions and has failed to make any change in the statute. We may assume the law-making body is satisfied with the interpretation this Court has placed upon its Workmen's Compensation Act. See also annotation, 100 A.L.R. 1098, Note (b), Illegitimate Children; *Martin v. Sanitarium*, 200 N.C. 221, 156 S.E. 849. The case of *Wilson v. Construction Co.*, 243 N.C. 96, 89 S.E. 2d 864 is not in conflict. In that case there was no evidence the deceased employee had ever acknowledged, as his, the illegitimate child.

[6]    After careful review, we conclude, the decision of the North Carolina Court of Appeals holding that Barbara Ruth Hewett is entitled to share equally with the widow is correct.

The decision is

Affirmed.