CHARLES W. McCUISTON, JR., EMPLOYEE v. ADDRESSOGRAPH-MULTI-GRAPH CORPORATION, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 8110IC1217

(Filed 5 October 1982)

**Master and Servant § 67.1— workers' compensation—occupational loss of hearing —failure to show exposed to sound of at least 90 decibels**

Under G.S. 97-53(28), 90 decibels, A scale, is a noise level that plaintiff has the burden of showing in order to recover for an "occupational loss of hearing."

Judge WELLS concurring.

APPEAL by plaintiff from North Carolina Industrial Commission. Opinion and award entered 15 July 1981 by the Full Commission. Heard in the Court of Appeals 2 September 1982.

Plaintiff seeks compensation under the North Carolina Workers' Compensation Act, G.S. 97-1 ff., for loss of hearing which allegedly occurred during his employment with defendant. Specifically, he claims that he suffered an "occupational loss of hearing" as defined in G.S. 97-53(28) that is compensable under the Act.

In his job with defendant, plaintiff travels to various plants and businesses to service printing machines, printing presses and copying machines. He was exposed to the noise of the machines during his work, even though he would turn them off to work on them, because most customers had more than one machine which they left running while he was there, and he had to turn on the repaired machine to test it.

Prior to going to work for the defendant on 1 April 1952, plaintiff worked at Carolina Steel for two and one-half years as a blacksmith. While there, he was exposed to noise from welding and steel fabrication.

Plaintiff was a member of the Headquarters Contingent of a National Guard field artillery unit as a mechanic from 1948 to 1959. He was occasionally close to guns when they were fired.

Although plaintiff and members of his family noticed some hearing loss in the 1970's, he did not seek help for the problem until 1978. After a visit on 25 September 1978 with Dr. Patrick

Kenan, an ear, nose and throat specialist at Duke University Medical Center, plaintiff began to wear ear plugs at work.

Plaintiff again saw Dr. Kenan on 9 May 1979 and 22 September 1980. Tests revealed a 47.9% binaural (in both ears) hearing loss. Kenan testified that the loss "in all probability" was permanent and that he was "strongly of the opinion that [plaintiff's employment with defendant] was probably a major contributor to his hearing loss." Kenan's opinion that plaintiff's job with defendant caused the hearing loss was based on what plaintiff told him about his working conditions and not objective tests about the noise levels.

After a hearing on this matter, Deputy Commissioner Ben E. Roney, Jr. concluded that plaintiff suffered a compensable hearing loss resulting from his employment with the defendant. In his 7 January 1981 order, Roney awarded plaintiff $168 per week for 74.55 weeks and awarded his attorney $4,000 for legal services to be deducted from the award.

The defendants made a timely appeal to the Industrial Commission. On 15 July 1981, the Full Commission set aside Roney's award on the ground that plaintiff failed to show that the sound to which he was exposed was at least 90 decibels, a minimum standard that the Commission read G.S. 97-53(28) as requiring. The plaintiff appealed to this Court.

*Coggin, Hoyle, Workman & Blackwood, by James W. Workman, Jr., for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr. and Caroline Hudson, for defendant appellee.*

*John C. Brooks, Commissioner of Labor, amicus curiae.*

ARNOLD, Judge.

Plaintiff showed a "loss of hearing" by his testimony, the testimony of Dr. Kenan and tests conducted on him. The question is whether plaintiff proved that his hearing loss was due to "harmful noise in employment."

This case turns on an interpretation of G.S. 97-53(28). That subsection lists one of the compensable occupational diseases under the Workers' Compensation Act as "[l]oss of hearing caused by harmful noise in the employment." Research by the Court and

both parties has revealed no reported court decisions on this subsection, which was added in 1971. See, 1971 N.C. Sess. Laws Ch. 1108.

In interpreting this statute, we are guided by our Supreme Court that the Act "should be liberally construed to the end that benefits may not be denied on narrow or technical grounds." *Hewett v. Garrett*, 274 N.C. 356, 360, 163 S.E. 2d 372, 375 (1968). But at the same time, we "may not legislate under the guise of construing a statute liberally." *Barnhardt v. Cab Co.*, 266 N.C. 419, 427, 146 S.E. 2d 479, 485 (1965). We will construe with these admonitions in mind.

G.S. 97-53(28) states in part:

(28) Loss of hearing caused by harmful noise in the employment. The following rules shall be applicable in determining eligibility for compensation and the period during which compensation shall be payable:

> a. The term "harmful noise" means sound in employment capable of producing occupational loss of hearing as hereinafter defined. Sound of an intensity of less than 90 decibels, A scale, shall be deemed incapable of producing occupational loss of hearing as defined in this section.

> b. "Occupational loss of hearing" shall mean a permanent sensorineural loss of hearing in both ears caused by prolonged exposure to harmful noise in employment.

Part a of subsection (28) requires an employee to show that the noise to which he was exposed could produce occupational loss of hearing. It then says that noise of less than 90 decibels cannot produce an occupational loss of hearing. Part b then defines occupational loss of hearing as a permanent sensorineural loss of hearing in both ears. Plaintiff's evidence showed the permanent loss in both ears.

However, defendant contends, and the Industrial Commission agreed, that under the statute 90 decibels, A scale, is a noise level that plaintiff has the burden of showing in order to recover. We are constrained to agree and thus preclude plaintiff's argument that the 90 decibels measurement is an affirmative defense that defendant must prove.

A careful reading of the statute, and the placement of the 90 decibels requirement in the subpart that defines the elements of recovery, lead to the conclusion that a plaintiff-employee must show that he was exposed to that level of noise before he can recover. If 90 decibels were an affirmative defense the General Assembly clearly could have said that as it did in G.S. 97-12, where the party claiming the defense of employee intoxication on the job has the burden of showing it. It is the task of the General Assembly to define the elements of recovery under the Workers' Compensation Act, and this Court cannot by judicial declarations amend the Act.

Affirmed.

Judges HEDRICK and WELLS concur.

Judge WELLS concurring.

While I feel that the provisions of the statute put an almost insurmountable burden on a claimant in a hearing loss case, I am nevertheless persuaded that the majority opinion is correct.