The plaintiff was injured on April 1, 1988 and received temporary total disability benefits from that date through August 22, 1988. From August 23, 1988 through September 15, 1988, the plaintiff was able to return to work, with some accommodation, and received full, pre-injury wages. Thereafter, from September 16, 1988 through March 29, 1989, he again received temporary total disability benefits before again returning to work at full wages from March 30, 1989 through February 6, 1990. Thereafter, plaintiff returned to work on February 6, 1990 at an average weekly wage that was less than his pre-injury earnings and was continuously employed at such diminished wages through January 6, 1994, the date 300 weeks from the date of his injury. Plaintiff sought a total of 300 weeks of temporary partial disability benefits pursuant to N.C.G.S. § 97-30. That controversy was resolved by the above-referenced Opinion and Award, holding that the limitation on the benefit in that statute to "300 weeks from the date of injury" had to be literally observed, and that plaintiff was not entitled to additional temporary partial disability benefits after January 6, 1994.
During the pendency of the appeal to the Full Commission, the defendant stopped paying temporary partial benefits on February 25, 1993 — 48 and 2/7 weeks before the end of the period of 300 weeks following the injury — "based upon its contention that the period of 48 2/7 weeks of temporary total disability payments [made April 1 through August 22, 1988, and March 30, 1989 through February 6, 1990] are to be deducted from the maximum period of disability of 300 weeks", according to the parties' stipulation.
Defendant has misread the second sentence of the statute. Except for statutory cross-references and updated descriptions of the weekly benefit, the first two sentences of this section have not changed since they were written into the original Workers' Compensation Act of 1929. In the more narrative style of that era, these sought to explain that, even if the "incapacity for work resulting from the injury" was initially total rather than partial, claimant would receive periodic benefits of either kind for no more than 300 weeks following the injury. The "period of total disability" is "deducted" by counting that period as a part of "the maximum period herein allowed for partial disability".
Our Order today is in accord with the principles for interpreting the Act set down by our Supreme Court. Deese v. Lawn Tree Expert Co., 306 N.C. 275, 277-78, 392 S.E.2d 140, reh'ingdenied, 306 N.C. 753, 303 S.E.2d 83 (1982). The "Act should be liberally construed . . . so that benefits will not be denied upon . . . narrow interpretations," consonant with the Legislature's remedial "purposes and spirit": to provide relief for employees suffering loss of income due to workplace injury. Having stated, in what was then the conventional form, the limitation of this benefit, it does not seem logical that the Legislature would have required that the period of total disability be subtracted a second time. Finally, it is your author's information and belief, based on his service on the Commission since 1989, and service with other Commissioners, one of whom was associated with the Commission for some 40 years previous to that, that this section has been continuously and consistently interpreted and applied as we do today. That there is not a single reported decision by the Courts, or case included in the official reporters published by the Commission from 1929 through 1934, or other Commission case that the undersigned can find discussing the issue raised here is some indication that the Commission's decisions have been uniform. Since the Legislature has not chosen to correct the Commission in this matter, "we may assume the law-making body is satisfied with the interpretation . . . placed upon its Work[ers'] Compensation Act."Hewett v. Garrett, 274 N.C. 356, 361, 163 S.E.2d 372 (1968).
Consequently, it is ORDERED that defendant pay plaintiff 48 2/7 weeks of benefits at the rate of $346.35 per week, subject to an attorney fee of 25% of those benefits, in one lump sum.
No additional costs are assessed.
Commissioner Booker signed this Order on or before April 30,1995.
 S/ _____________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _____________ JAMES J. BOOKER COMMISSIONER
S/ _____________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
JRW/tmd 4/28/95;