IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-144

No. 180PA21

Filed 16 December 2022

SHARON CASH WEST, wife of Keith West (decedent), JESSICA WEST HAYES, adult daughter of Keith West (decedent), RAYMOND WEST, adult son of Keith West (decedent), and SHANNON STOCKS

v.

HOYLE'S TIRE & AXLE, LLC, employer, and TRAVELERS INDEMNITY COMPANY, carrier

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 277 N.C. App. 196, 2021-NCCOA-151, affirming an order entered on 8 November 2019 by the North Carolina Industrial Commission dismissing plaintiff's claim for death benefits. Heard in the Supreme Court on 3 October 2022.

*Mast, Johnson, Trimyer, Wright, Booker & Van Patten, P.A., by Charles D. Mast and Caroline V. Parrish; and The Sumwalt Group, by Vernon Sumwalt, for plaintiff-appellant Shannon Stocks.*

*Hemmings & Stevens, P.L.L.C., by Kelly A. Stevens, for plaintiff-appellee Jessica West Hayes.*

*Amy S. Berry for plaintiff-appellee Sharon West.*

*D. Randall Cloninger for plaintiff-appellee Raymond West.*

*Teague Campbell Dennis & Gorham, L.L.P., by Luke A. West and Kyla K. Block, for defendants-appellees.*

NEWBY, Chief Justice.

¶ 1        The task here is to determine whether an individual who lacks a legal relationship with a deceased employee can be a dependent entitled to file a claim for death benefits under N.C.G.S. § 97-39 of the North Carolina Workers' Compensation Act (the Act). This Court addressed this precise issue in *Fields v. Hollowell & Hollowell*, 238 N.C. 614, 78 S.E.2d 740 (1953), and declined to judicially extend the scope of N.C.G.S. § 97-39 to include individuals who lack a specified legal relationship. Applying the Act and this Court's precedent, plaintiff Stocks is not a dependent of the deceased employee because she lacks a legally recognized relationship and thus cannot file a claim for death benefits. Therefore, we affirm the Industrial Commission's dismissal of plaintiff Stocks's claim.

¶ 2        Keith West (decedent) died on 12 February 2018 from injuries sustained in a work-related accident at Hoyle's Tire & Axle, LLC (defendant-employer). Defendants admitted compensability for death benefits. Plaintiff Jessica West Hayes, decedent's daughter, plaintiff Raymond West, decedent's son, plaintiff Sharon Cash West, decedent's estranged wife, and plaintiff Shannon Stocks, decedent's alleged, cohabitating fiancée, all filed claims for death benefits under the Act.

¶ 3        Defendants requested a hearing before the North Carolina Industrial Commission to determine the proper beneficiaries in the death benefits claim. Plaintiffs Hayes, West, and Cash West (collectively, plaintiff family members) moved to dismiss plaintiff Stocks's claim for death benefits. The motion to dismiss alleged

that plaintiff Stocks did not have standing to assert a claim for benefits under N.C.G.S. § 97-39 because she was not a legally recognized dependent of decedent.

¶ 4    In an order entered after a hearing held on 6 February 2019, the Deputy Commissioner granted plaintiff family members' motion to dismiss plaintiff Stocks's claim for benefits and directed plaintiff family members to submit a consent order. The consent order divided decedent's death benefits equally among decedent's son, daughter, and wife. Plaintiff Stocks appealed the order to the Full Commission. While the appeal was pending, defendants paid the death benefits to plaintiff family members pursuant to the consent order. Defendants filed a motion asking to be dismissed from the lawsuit because they paid the death benefits in good faith. The Full Commission denied defendants' motion to dismiss and concluded that defendants did not act in good faith when they paid the death benefits to plaintiff family members knowing that plaintiff Stocks's appeal was still pending.

¶ 5    The Full Commission further concluded, however, that based on this Court's decision in *Fields*, "[p]laintiff Stocks currently cannot possibly be a factual dependent of [d]ecedent[ ]." *See Fields*, 238 N.C. at 618, 78 S.E.2d at 743 (holding that "a woman living in cohabitation with a man, to whom she is not married, is not within the purview of the term 'in all other cases[ ]' " under N.C.G.S. § 97-39 and thus does not qualify as a dependent). Accordingly, the Full Commission dismissed plaintiff Stocks's claim for death benefits.

¶ 6        Plaintiff Stocks appealed the Full Commission's order to the Court of Appeals. The Court of Appeals unanimously affirmed the Full Commission's order and held that this Court's decision in *Fields* "specifically disposes of [p]laintiff Stocks'[s] argument she could be entitled to death benefits." *West v. Hoyle's Tire & Axle, LLC*, 277 N.C. App. 196, 2021-NCCOA-151, ¶ 23.

¶ 7        This Court allowed plaintiff Stocks's petition for discretionary review to consider (1) whether *Fields* conflicts with N.C.G.S. § 97-39 and thereby denies plaintiff due process and equal protection of the law, and (2) whether plaintiff Stocks has standing under N.C.G.S. § 97-39 to present factual evidence of her dependency upon decedent. Essentially, plaintiff Stocks seeks to have this Court declare that she could be a dependent eligible to share in the allocation of decedent's death benefits.

¶ 8        This Court reviews decisions of the North Carolina Industrial Commission to determine "whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008). We review conclusions of law de novo. *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

¶ 9        "The purpose of the Act . . . is not only to provide a swift and certain remedy to an injured workman, but also to insure a limited and determinate liability for employers." *Barnhardt v. Yellow Cab Co.*, 266 N.C. 419, 427, 146 S.E.2d 479, 484

(1966), *overruled on other grounds by Derebery v. Pitt Cnty. Fire Marshall*, 318 N.C. 192, 347 S.E.2d 814 (1986).

¶ 10    In order "to insure a limited and determinate liability for employers," *id.*, the Act provides a process by which certain dependents of deceased employees can file a claim for death benefits. To properly allocate death benefits, N.C.G.S. § 97-39 is part of a series of statutes that classify certain individuals according to their legal level of dependency. *See* N.C.G.S. §§ 97-37 to -40 (2021). It states in relevant part:

> A widow, a widower and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee. *In all other cases* questions of dependency, in whole or in part shall be determined in accordance with the facts as the facts may be at the time of the accident, but no allowance shall be made for any payment made in lieu of board and lodging or services, and no compensation shall be allowed unless the dependency existed for a period of three months or more prior to the accident.

N.C.G.S. § 97-39 (emphasis added). Thus, widows, widowers, and children are presumed wholly dependent as a matter of law, while "[i]n all other cases" certain other persons may be allowed to prove dependency upon the deceased employee at the time of the accident. On its face, the statute is unclear regarding the scope of dependents "[i]n all other cases." Our statutory construction is primarily guided by our long-standing precedent.

¶ 11    Nearly seventy years ago, this Court interpreted the ambiguous "[i]n all other cases" language in *Fields*.  The Court considered whether a woman with whom the

deceased employee lived for at least three years, though never married, could claim compensation as a dependent under N.C.G.S. § 97-39. *Fields*, 238 N.C. at 616, 78 S.E.2d at 741. The deceased employee "furnish[ed] the home, food and clothing, medical and dental services, and [the woman] perform[ed] the usual duties of a wife." *Id.* The Court did not find persuasive the woman's argument that a person becomes a dependent when the deceased employee "voluntarily assumes the support of [that] person, who looks to and relies upon him for the necessities of life." *Id.* at 618, 78 S.E.2d at 743. Instead, the Court concluded that the statute did not provide for a woman who possessed no legal claims against the deceased employee to seek compensation as a dependent. *Id.* at 620, 78 S.E.2d at 744.

¶ 12    Significantly, the Court held that the "[i]n all other cases" provision of N.C.G.S. § 97-39 does not encompass someone not having a legal relationship with the deceased employee. *Id.* at 618, 78 S.E.2d at 743. Thus, the Court did not recognize a relationship of a "cohabitating" person as one entitled to file a claim for death benefits under the Act. *Id.* The Court reasoned that the Act "specifically defines [in N.C.G.S. § 97-2] who are meant by the terms[ ] child, grandchild, brother, sister, parent, widow and widower" for determining dependency. *Id.* This recognition is important because "these persons [specifically identified in N.C.G.S. § 97-2] are only those to whom the deceased employee is under legal or moral obligation to support." *Id.* Thus, dependency under N.C.G.S. § 97-39 requires a legal relationship between the

decedent and the person asserting dependency.

¶ 13 Relying on *Fields*, this Court similarly considered the absence of a legally recognized relationship in *Wilson v. Utah Construction Co.*, 243 N.C. 96, 89 S.E.2d 864 (1955). There the Court declined to extend dependency status to the decedent's common law wife and her children. *Id.* at 99, 89 S.E.2d at 867. The decedent lived with a woman and her three children. *Id.* at 97, 89 S.E.2d at 866. He was not the biological father, but he voluntarily supported the children with necessities of life. *Id.* Because the decedent "was not under any legal obligation" to care for the children, and "his act in maintaining the children was purely voluntary," the Court held that the woman and her children did not qualify as dependents under N.C.G.S. § 97-39. *Id.* at 99, 89 S.E.2d at 867. Thus, *Wilson* adds further analysis to section 97-39. A relationship in which the deceased employee's support of an individual was purely voluntary is insufficient for that individual to file a claim for death benefits.

¶ 14 This Court reached a different outcome but for the same reason in *Shealy v. Associated Transport, Inc.*, 252 N.C. 738, 114 S.E.2d 702 (1960). In that case, the decedent's 85-year-old mother, who was wholly dependent on decedent for many years, and decedent's husband both filed claims for death benefits under the Act. *Id.* at 738–39, 114 S.E.2d at 703. This Court held that the Commission correctly found the mother was wholly dependent on decedent for several years and affirmed the Commission's award of death benefits to both the mother and the husband. *Id.* at 743,

114 S.E.2d at 706. It reasoned that the decedent "had the legal duty to support [the mother]," and the relationship between the mother and decedent was "not too remote and comes within the general purview of the Act." *Id.* In other words, there was a legal relationship between the decedent and her mother that was not purely voluntary. As such, the mother shared equally with the decedent's husband in the death benefits. *Id.* at 739, 114 S.E.2d at 703.

¶ 15      Accordingly, based on this Court's long-standing precedent, a person is a dependent under the Act when he or she is in a legally recognized relationship with the employee involving more than purely voluntary support.

¶ 16      The facts in the current case are fundamentally identical to the facts in *Fields*. Like the plaintiff in *Fields*, plaintiff Stocks does not claim to be decedent's common law wife or widow. Rather, she alleges that she was his fiancée at the time of the accident and was partially dependent upon him. In other words, plaintiff Stocks argues that she qualifies as a dependent under the "[i]n all other cases" provision of N.C.G.S. § 97-39. Plaintiff Stocks alleges decedent voluntarily supported her. Decedent was not, however, under a legal or moral obligation to do so because the two were not in a legally recognized relationship. Therefore, applying this Court's precedent, plaintiff Stocks is not a dependent because she lacks a legal relationship with decedent sufficient to fall within the scope of N.C.G.S. § 97-39. Because she is not a statutorily recognized dependent, she cannot file a claim for death benefits

under the Act.

¶ 17        Plaintiff Stocks requests this Court to overturn our long-standing precedent in *Fields* and its progeny, alleging that our holding in *Fields* is "the product of impermissible judicial legislation" and concerns a matter that should be left for the General Assembly to decide. Significantly, the General Assembly has decided this issue. In the nearly seventy years following the *Fields* decision, the General Assembly has not amended the statute. If the General Assembly disagreed with this Court's interpretation of N.C.G.S. § 97-39 in *Fields*, it would have amended the statute to clarify what it intended by the phrase "[i]n all other cases" and who is a potential dependent under the Act.

¶ 18        The principle of stare decisis directs this Court to adhere to its long-established precedent to provide consistency and uniformity in the law. *See Bulova Watch Co., Inc. v. Brand Distrib. of N. Wilkesboro, Inc.*, 285 N.C. 467, 472, 206 S.E.2d 141, 145 (1974); *see also Beaufort Cnty. Bd. of Educ. v. Beaufort Cnty. Bd. of Com'rs*, 363 N.C. 500, 512, 681 S.E.2d 278, 286–87 (2009) (Newby, J., concurring) (concurring with the majority based on the principle of stare decisis despite "strong reservations" regarding the result). Thus, we give proper deference to long-standing judicial decisions indicating legislative acquiescence. Imparting a different interpretation of the statute in accordance with "changing times" would result in the Court essentially engaging in "impermissible judicial legislation."

Because plaintiff Stocks lacks a legal relationship with decedent sufficient to qualify as a dependent under N.C.G.S. § 97-39, she cannot file a claim for death benefits. Therefore, the Industrial Commission correctly dismissed plaintiff Stocks's claim for death benefits.

AFFIRMED.

Justice HUDSON dissenting.

The majority today contends that N.C.G.S. § 97-39 of the North Carolina Workers' Compensation Act (the Act) is ambiguous regarding the scope of dependents "[i]n all other cases." Its opinion relies on this Court's decision in *Fields v. Hollowell & Hollowell*, 238 N.C. 614 (1953), and two other cases to guide its statutory construction, concluding that a person is a dependent under the Act only when he or she is in a legally recognized relationship with the employee involving more than purely voluntary support. Under this interpretation, the majority reads certain provisions out of N.C.G.S. §§ 97-38 and -39 ("any person," "[i]n all other cases," and "shall be determined in accordance with the facts") and ignores certain definitions in N.C.G.S. § 97-2 ("widow" and "child") to conclude that a cohabitating person unrelated to the employee by marriage or blood, such as Ms. Stocks, could not be a dependent. In so doing, the majority turns this case on its head, substantially undermining the legislature's careful construction of a systematic method of determining benefits and beneficiaries in cases of this kind. Accordingly, I respectfully dissent.

## I. Historical Background

In 1929, our General Assembly enacted the state's first Workers' Compensation Act to address the growing problem of workplace injuries and deaths in an increasingly industrialized society. At its core, workers' compensation is a

compromise between the employer and employee: employers purchase insurance to compensate employees who suffer a workplace injury or death, and employees forfeit their common law right to sue their employer for personal injury or death by accident. *See* N.C.G.S. §§ 97-9 and -10.1 (2021). Our courts have unequivocally held that fault has no place in the scheme, unless the employee's injury or death was occasioned by his intoxication or willful intention to injure himself or another. *Hartley v. N.C. Prison Dep't*, 258 N.C. 287, 290 (1962); *see also* N.C.G.S. § 97-12 (2021).

Upon a workplace injury or death, employees or their dependents may file a claim with the North Carolina Industrial Commission for limited benefits prescribed in detail by the Act, including lost wages, medical expenses, and death benefits. Importantly, the Industrial Commission exercises limited jurisdiction; it "has no jurisdiction except that conferred upon it by statute." *Bryant v. Dougherty*, 267 N.C. 545, 548 (1966). Thus, it performs the narrow function of executing the text of the Act and administering the benefits thereunder.

## II.    Factual and Procedural Background

Here, more than one claimant alleged entitlement to benefits as a result of the death of Mr. West, from his admittedly work-related injury. The record shows that Jessica West Hayes (Mr. West's adult daughter), Raymond West (Mr. West's adult son), Sharon Cash West (Mr. West's alleged widow), and Ms. Stocks (Mr. West's alleged cohabitating fiancée) all filed claims for death benefits under the Act. The

employer then filed a request for a hearing "to determine the proper beneficiaries in this claim."

The Deputy Commissioner dismissed Ms. Stocks's claim for benefits and directed the other claimants to file a consent order. The consent order divided Mr. West's death benefits equally among Mr. West's daughter, son, and alleged widow.

Ms. Stocks appealed to the Full Commission. Although no evidentiary hearing had been held to determine Ms. Stocks's claim of dependency, and although the Commission refused to hear evidence to determine this or if Sharon West was in fact the widow, the Full Commission affirmed the dismissal of Ms. Stocks's claim. In addition, the Full Commission noted in its order that neither of the adult children nor the alleged widow were conclusively presumed wholly dependent upon Mr. West.

Ms. Stocks appealed the Full Commission's order to the Court of Appeals, which affirmed the Full Commission's order. Now, the majority affirms the decision of the Court of Appeals.

## III. Analysis

This Court reviews the Industrial Commission's conclusions of law de novo. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496 (2004).

When a court engages in statutory interpretation, the principal goal

> is to accomplish the legislative intent. The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish.

> If the language of a statute is clear, the court must implement the statute according to the plain meaning of its terms so long as it is reasonable to do so.

*Lenox, Inc. v. Tolson*, 353 N.C. 659, 664 (2001) (cleaned up).

In workers' compensation cases, "the Industrial Commission and the courts [must] construe the [Act] liberally in favor of the injured work[er]. The Act should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow, and strict interpretation." *Cates v. Hunt Constr. Co.*, 267 N.C. 560, 563 (1966) (cleaned up).

I disagree with the majority that the phrase "[i]n all other cases" in N.C.G.S. § 97-39 and the phrase "any person partially dependent" in N.C.G.S. § 97-38(2) are ambiguous. In my view, both passages unequivocally refer to all claims in which there is no whole dependent, like the one here. As the text plainly reads, "A widow, a widower and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee. *In all other cases* questions of dependency, in whole or in part shall be determined in accordance with the facts." N.C.G.S. § 97-39 (2021) (emphasis added).

Importantly, the Act provides different types of benefits for those wholly dependent (a widow, widower, or child, as defined in N.C.G.S. § 97-2(12), (14), and (15)), and those who are not ("[i]n all other cases" under N.C.G.S. § 97-39). Whole dependents are entitled to receive the entire compensation benefit payable, to the

exclusion of all others. N.C.G.S. § 97-38(1) (2021). Widows or widowers may also receive lifetime benefits in the event of disability of the employee. N.C.G.S. § 97-38. Partial dependents receive less generous benefits. They receive benefits on a weekly basis and only in the "the same proportion of the weekly compensation provided for a whole dependent as the amount annually contributed by the deceased employee to the support of such partial dependent bears to the annual earnings of the deceased at the time of the accident." N.C.G.S. § 97-38(2).

¶ 32        Moreover, if the partial dependent is not legally defined as "next of kin" under N.C.G.S. § 97-40 (primarily blood relatives), the nonrelative partial dependent has an even further limit on available benefits compared to the "next of kin" partial dependent. N.C.G.S. § 97-38(3).  Only "next of kin" partial dependents may elect to receive the commuted value of the amount provided for whole dependents instead of the proportionate weekly payments provided for partial dependents. N.C.G.S. § 97-38(3).

¶ 33        This carefully constructed, tiered system of benefits evidences the legislature's intent to take into account the policy of prioritizing dependents according to the strength of the connection to the employee, while specifically providing a limited but proportionate benefit for "any person partially dependent for support upon the earnings of the deceased employee at the time of the accident." N.C.G.S. § 97-38(2). Nowhere does the statute exclude individuals who lack a "legally recognized

relationship with the employee involving more than purely voluntary support" from filing claims for death benefits. As it did in *Fields*, the Court today overlooks this tiered system of benefits and sharply departs from the legislature's intent.

¶ 34        The majority today reasons that if the legislature disagreed with how the *Fields* Court interpretated N.C.G.S. § 97-39, it would have simply amended the statute to clarify what it intended by the phrase "[i]n all other cases." In my view, no clarification is needed when the section of the statute is unambiguous like the one at issue here. It is unclear how the legislature could have amended or could now amend the statute's text to make it any plainer, as the word "all" excludes no one. Moreover, this argument does not, in itself, refute the argument that *Fields* erroneously interpreted N.C.G.S. § 97-39.

¶ 35        Finally, the majority today reaffirms the application of moral and policy considerations in its interpretation of the Act, noting that the *Fields* Court concluded that dependents under the Act are "only those to whom the deceased employee is under legal or moral obligation to support," and that it would be against "the sound public policy" of the Act to allow a woman who possessed no legal claims against the deceased employee to seek compensation as a dependent. *See Fields*, 238 N.C. at 618, 620.

¶ 36        The *Fields* Court took such considerations even further, holding that "to sustain the so-called marriage in this case would . . . be alien to the customs and ideas

of our people, and would shock their sense of propriety and decency." *Fields*, 238 N.C. at 620. "[I]t would place ordained matrimony on the same level with common lasciviousness." *Id.* At the time of the *Fields* decision, and as noted in the opinion in that case, unmarried cohabitation was a misdemeanor criminal offense. *Id.* at 617. While the statute criminalizing unmarried cohabitation has not been repealed, N.C.G.S. § 14-184 was ruled unconstitutional in superior court in 2006 and remains unused by the State.[1] Moreover, nowhere in the Act are these moral and policy considerations presented or implied; if they were to be considered, such consideration would fall within the province of the legislature, not the courts. The *Fields* Court apparently wrote these considerations into the statute, undermining the legislature's specific and deliberate choice of words.

¶ 37        This Court has unequivocally held that the Commission exercises limited jurisdiction as an administrative agency of the state and that it may not exceed those bounds. *Heavner v. Lincolnton*, 202 N.C. 400, 402 (1932). When it does exceed those bounds, this Court will not shy from holding the Commission's action to be without effect. *See, e.g.*, *Mehaffey v. Burger King*, 367 N.C. 120, 120–21 (2013) (reversing the Industrial Commission's opinion and award because the Commission exceeded its authority when its Medical Fee Schedule was not authorized by the legislature). The

---

[1] *See Hobbs v. Smith*, No. 05 CVS 267, 2006 WL 3103008 (N.C. Super. Ct. Aug. 25, 2006).

power thus granted to the Commission is to exercise the authority vested in it by the legislature. This power has never and will never confer the sweeping authority possessed by courts of general jurisdiction to assess moral failings in matters of equity.

¶ 38 For the foregoing reasons, I conclude that both the *Fields* Court and the majority today have erroneously interpreted the "[i]n all other cases" provision of N.C.G.S. § 97-39. The plain language of the Act manifestly allows for claimants who were partially dependent on support from the earnings of the deceased employee at the time of the accident, based upon evidence of the facts at the time of the employee's death.

¶ 39 I would therefore overrule *Fields* and remand this case to the Commission to determine if Ms. Stocks qualifies as a partial dependent upon a factual showing based on the evidence, pursuant to N.C.G.S. § 97-39, for the proportionate benefits provided in N.C.G.S. § 97-38(2).

¶ 40 Accordingly, I respectfully dissent.

Justice EARLS joins in this dissenting opinion.